**Matthew CHESSON, a/k/a Tyrone White, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 27, 2012.

Decided June 14, 2012.

Owen W. Larrabee, Assistant Defender, Philadelphia, for petitioner.

Arthur R. Thomas, Assistant Counsel, for respondent.

BEFORE: PELLEGRINI, President Judge, and McCULLOUGH, Judge, and COVEY, Judge.

OPINION BY Judge McCULLOUGH.

Matthew Chesson, a/k/a Tyrone White (Petitioner), petitions for review of the February 18, 2011, order of the Pennsylvania Board of Probation and Parole (Board), which denied his administrative appeal and affirmed its previous decision to recommit Petitioner as a convicted parole violator. We now reverse and remand.

Petitioner has an extensive criminal history which need not be set forth here. Suffice it to say, on January 7, 2008, the Board paroled Petitioner from his sentence of six years, two months to twelve years, four months for robbery and related offenses. At that time, Petitioner's parole violation maximum sentence date was September 5, 2011. On October 16, 2009, Petitioner was arrested by the Philadelphia Police Department and charged with aggravated assault, simple assault, and recklessly endangering another person. That same day, the Board issued a warrant to commit and detain Petitioner. On March 25, 2010, Petitioner pled guilty before the Municipal Court of Philadelphia County (Municipal Court) to the summary offense of disorderly conduct-engaging in fighting. Petitioner was sentenced to pay court costs, but he received no further penalty. (Certified Record (C.R.) at 33–39, 54–58.)

On June 23, 2010, the Board conducted a revocation hearing relating to Petitioner's new conviction. Petitioner was represented by counsel from the Montgomery County Public Defender's Office. Mark Thompson, an agent for the Board, testified regarding Petitioner's new conviction and presented certified copies of the sentencing order and criminal docket entries of the Municipal Court detailing Petitioner's negotiated guilty plea and subsequent conviction. Although Petitioner acknowledged this conviction, his counsel argued that the conviction was not by a court of record and, hence, Petitioner could not be recommitted as a convicted parole violator.[1] More specifically, counsel argued that, at the time of Petitioner's conviction, the Municipal Court judge was sitting as a magisterial district judge in order to resolve Petitioner's only remaining charge, a summary offense.[2] (C.R. at 62–105.)

---

1. Counsel for Petitioner actually objected at the start of the hearing on this same basis, but his objection was denied by the hearing examiner. The hearing examiner noted that the Municipal Court was a court of record.

2. Counsel for Petitioner provided the hearing examiner with a copy of this Court's decision in *Goodwine v. Pennsylvania Board of Probation and Parole*, 960 A.2d 184 (Pa.Cmwlth. 2008), *appeal denied*, 600 Pa. 775, 968 A.2d 1281 (2009), wherein we reversed an order of

On October 7, 2010, the Board issued a decision recommitting Petitioner as a convicted parole violator and recalculating Petitioner's parole violation maximum sentence date to June 14, 2013. Citing the testimony of Agent Thompson, the certified exhibits, and Petitioner's acknowledgment, the Board concluded that Petitioner was convicted of a new offense in a court of record. At the same time, the Board directed that Petitioner be immediately reparoled to a community corrections center. Petitioner filed a *pro se* petition for administrative review reiterating his allegation that, in convicting him of a summary offense, the Municipal Court judge was sitting as a magisterial district judge and, hence, his conviction was not by a court of record and he could not be recommitted as a convicted parole violator. Petitioner also alleged that to hold otherwise would violate his rights to due process and equal protection because a parolee convicted of a summary offense by a Municipal Court judge would lose valuable street time, whereas a parolee convicted by a magisterial district judge would not. By decision mailed February 18, 2011, the Board affirmed its October 7, 2010, decision, concluding that the Municipal Court was a court of record.[3] (C.R. at 102–112.)

■ Petitioner thereafter filed a petition for review with this Court, reiterating his allegation that the Municipal Court was not a court of record.[4] Petitioner also alleged that, to the extent that his prior counsel failed to introduce evidence that the Municipal Court judge was sitting as a magisterial district judge, counsel was ineffective and Petitioner was entitled to a new hearing.[5] On April 25, 2011, Petitioner's counsel filed a petition with this Court for the appointment of substitute appellate counsel, indicating that Petitioner was no longer confined in Montgomery County, but instead was confined to an inpatient treatment program in Philadelphia County. Petitioner's counsel noted that the Defender Association of Philadelphia (DAP) acts as the public defender for Philadelphia County.

By order dated April 26, 2011, this Court struck the appearance of the Montgomery County Public Defender's Office, appointed DAP to act as counsel for Petitioner, directed DAP to file an entry of appearance within 30 days, and allowed DAP 30 days to file an amended petition for review. On May 9, 2011, the Board filed the certified record with this Court.[6] On May 17, 2011, DAP filed an entry of appearance on Petitioner's behalf. By let-

the Board recommitting the parolee as a convicted parole violator following his guilty plea and conviction of the summary offense of harassment before a common pleas court judge. We held in *Goodwine* that common pleas judges have an inherent power to sit as magisterial district judges and resolve summary charges once any misdemeanor and felony charges have been resolved, and, when sitting in this capacity, do not constitute a court of record sufficient to justify recommitment as a convicted parole violator.

3. The Board did not address Petitioner's due process/equal protection argument in its decision.

4. At the time of this filing, Petitioner was once again represented by counsel from the

Montgomery County Public Defender's Office, albeit not the same counsel who represented Petitioner at his parole revocation hearing.

5. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings are supported by substantial evidence. *Prebella v. Pennsylvania Board of Probation and Parole*, 942 A.2d 257 (Pa.Cmwlth.2008).

6. At the same time, the Board alleges that it provided DAP with a courtesy copy of the certified record. However, DAP denies receipt of this courtesy copy.

ter dated May 23, 2011, DAP requested a copy of the certified record from the Board. DAP did not receive this copy until May 31, 2011, five days after the deadline imposed by our previous order for the filing of an amended petition for review. Upon review of the record, DAP discovered that Petitioner's previous counsel failed to include Petitioner's due process/equal protection argument raised before the Board. Nevertheless, DAP did not file a petition seeking to amend the petition for review to include this argument until August 15, 2011. By single-judge order dated September 20, 2011, DAP's petition was denied. The parties thereafter filed their respective briefs with this Court. In his brief, Petitioner argues that the Board erred in failing to conclude that the Municipal Court was not a court of record, that this Court erred in denying his petition to amend his petition for review, and that the Board's recommitment of him as a convicted parole violator infringes upon his right to equal protection.[7]

 However, before we reach the merits of these arguments, we must address the Board's allegation that all of Petitioner's arguments have been waived. The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal. *Jacobs v. Pennsylvania Board of Probation and Parole*, 958 A.2d 1110 (Pa. Cmwlth.2008); *Newsome v. Pennsylvania Board of Probation and Parole*, 123 Pa. Cmwlth. 413, 553 A.2d 1050 (1989). The law is equally well settled that issues not raised in a petition for review are waived and will not be addressed by this Court.

*Rackley v. Pennsylvania Board of Probation and Parole*, 881 A.2d 69 (Pa.Cmwlth. 2005); *Siers v. Pennsylvania Board of Probation and Parole*, 725 A.2d 220 (Pa. Cmwlth.), *appeal denied*, 562 Pa. 678, 753 A.2d 822 (1999).

The Board first alleges that Petitioner waived the issue of whether or not the Municipal Court is a court of record. More specifically, the Board alleges that Petitioner argued in his petition for review that the Municipal Court judge was, as a matter of fact, sitting as a magisterial district judge at the time of his conviction, whereas Petitioner argued in his brief to this Court that the Municipal Court was, *per se*, not a court of record. We disagree with the Board's interpretation as well as its argument of waiver. In his petition for review, Petitioner alleged that the Board erred in denying his administrative appeal for the following reasons:

a. Petitioner Chesson was convicted of the summary offence in the Municipal Court . . .;

b. Judges of the Municipal Court . . . have the inherent power to sit as committing magisterial district judges;

c. While the Municipal Court . . . is a court of record, where a municipal court judge sits as a magisterial district judge in a summary case, the Municipal Court . . . is not a court of record for purposes of 61 Pa.C.S. § 6138(a) . . .;

d. The judge of the Municipal Court . . . in Petitioner Chesson's case was sitting as a magisterial district judge;

e. Insofar as the judge of the Municipal Court . . . in Petitioner Ches-

---

7. In his brief to this Court, Petitioner does not address the claim of ineffective assistance of counsel as set forth in his petition for review. Hence, this claim is waived. *Aveline v. Penn-*

*sylvania Board of Probation and Parole*, 729 A.2d 1254 (Pa.Cmwlth.1999) (issues raised in petition for review but not addressed or developed in brief are waived).

son's case was sitting as a magisterial district judge, the ... Board ... could not recommit Petitioner as a CPV, but only as a technical parole violator (TPV), in that a magisterial district court is *not* a court of record;

f. Insofar as the ... Board cannot revoke Petitioner's parole as a CPV for a summary conviction before a magisterial district justice, the ... Board's action is illegal and should be reversed ...;

g. To the extent that Petitioner Chesson's revocation hearing counsel failed to introduce evidence that the municipal court judge presiding over Petitioner's summary case was sitting as a magisterial district judge, said hearing counsel was ineffective and Petitioner should be entitled to a new hearing with different counsel....

(Petition for Review at 3–4.) (Emphasis in original.) Because we believe that Petitioner's petition for review can be interpreted to encompass both a factual and a per se argument, we cannot conclude that Petitioner waived the issue of whether or not the Municipal Court is a court of record.

■ Next, the Board alleges that Petitioner has waived his equal protection argument as well as his argument that this Court erred in denying the petition to amend his petition for review. We agree. By order dated April 26, 2011, this Court appointed DAP to act as counsel for Petitioner and allowed DAP 30 days to file an amended petition for review. However, DAP waited until May 9, 2011, to file an entry of appearance and waited another three months, until August 15, 2011, to file a petition seeking to amend the petition for review. By a single-judge order dated September 20, 2011, DAP's petition was denied. DAP did not seek reconsideration of this order, and, hence, this order became binding on the Court and not subject to further review. *See Domagalski v. Szilli,* 812 A.2d 747 (Pa.Cmwlth.2002) (when no petition for reconsideration from an order of a single judge is filed, that order is binding). Moreover, because Petitioner did not file an amended petition for review within 30 days of our April 26, 2011, order, Petitioner did not properly preserve his equal protection argument and this argument is waived. *See Edwards v. Unemployment Compensation Board of Review,* 3 A.3d 690 (Pa.Cmwlth.2010) (a petitioner may not amend a petition for review beyond the permitted period to raise new issues and any issues not raised in the petition for review are deemed waived).

■ We now turn to the question of whether the Municipal Court was a court of record.[8] Section 6138(a)(1) of what is commonly referred to as the Prisons and Parole Code (Code) authorizes the Board to recommit a parolee as a convicted parole violator if the parolee, "during the period of parole ... commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record...." 61 Pa.C.S. § 6138(a)(1).

---

8. Prior to January 1, 1969, the City of Philadelphia had 28 magistrate courts, which, pursuant to the express language of the subsequently repealed Article 5, section 12 of the Pennsylvania Constitution, were not courts of record. *See Glancey v. Casey,* 447 Pa. 77, 288 A.2d 812 (1972); Historical Notes to Pa. Const. art. V, § 6. However, effective January 1, 1969, the office of magistrate was abolished and replaced by the Municipal Court. *Glancey;* Pa. Const. art. V, § 6(c).

The law is well settled that a summary offense conviction by a magisterial district judge, or a common pleas judge sitting as a magisterial district judge, is not a conviction in a court of record and that the Board is not authorized to recommit a parolee as a convicted parole violator for such a conviction. *Barna v. Pennsylvania Board of Probation and Parole,* 8 A.3d 370 (Pa.Cmwlth.2010); *Goodwine; Jackson v. Pennsylvania Board of Probation and Parole,* 951 A.2d 1238 (Pa.Cmwlth.2008).[9]

Moreover, Chapter 10 of the Pennsylvania Rules of Criminal Procedure governs the procedures before the Municipal Court. With respect to summary cases, Pennsylvania Rule of Criminal Procedure (Pa. R.Crim. P.) 1002(A) provides that "all criminal proceedings in which a person is accused only of one or more non-traffic summary offenses or violations of municipal criminal ordinances shall proceed as provided in Chapter 4 of the Rules of Criminal Procedure [relating to summary offenses]." Chapter 4 provides that summary offenses, whether brought by citation or complaint, are filed with an "issuing authority." Pa. R.Crim. P. 406; Pa. R.Crim. P. 420. The summary offense charged is then either disposed of by a guilty plea or by a trial before the "issuing authority." Pa. R.Crim. P. 424; Pa. R.Crim. P. 454. "Issuing Authority" is defined under the Rules as "any public official having the power and authority of a magistrate, a Philadelphia arraignment court magistrate, or a magisterial district judge." Pa. R.Crim. P. 103.

Applying the aforementioned Rules and applicable case law, we must conclude that a conviction for a summary offense before the Municipal Court of Philadelphia County is the functional equivalent of a conviction before a magisterial district judge. As such, a conviction for a summary offense before the Municipal Court of Philadelphia County is not a conviction in a court of record for the purposes of section 6138(a)(1) of the Code. Thus, the Board erred in recommitting Petitioner as a convicted parole violator.

Accordingly, the order of the Board is reversed and the matter is remanded to the Board for further proceedings consistent with this opinion.

### ORDER

AND NOW, this 14th day of June, 2012, the order of the Pennsylvania Board of Probation and Parole (Board), dated February 18, 2011, is hereby reversed. The matter is remanded to the Board for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

9. Our decisions in *Barna, Goodwine,* and *Jackson* were based upon section 21.1a(a) of what was commonly referred to as the Parole Act, Act of August 6, 1941, P.L. 861, 61 P.S. § 331.21 a(a), the predecessor to section 6138(a). Section 21.1 a(a) of the Parole Act was repealed by the Act of August 11, 2009, P.L. 147, and replaced with section 6318(a). The relevant language of both sections, however, is nearly identical.