# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mark Hoousendove, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1443 C.D. 2015 |
| | : | Submitted:  November 25, 2015 |
| Pennsylvania Board of Probation | : | |
| and Parole, | : | |
| Respondent | : | |

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI                    FILED: January 5, 2016


Mark Hoousendove petitions for review of the decision of the Pennsylvania Board of Probation and Parole (Board) denying his petition for administrative review of the Board's order recommitting him to a state correctional institution (SCI) as a technical and convicted parole violator to serve a total of 6 months backtime.  We affirm.

---

[1] This matter was assigned to this panel before January 1, 2016, when President Judge Pellegrini assumed the status of senior judge.

In 2013, Hoousendove was initially sentenced to an 11-month, 8-day to 2-year, 6-month term of imprisonment after his probation was revoked for his retail theft conviction. The original minimum date for this sentence was May 13, 2014, and the maximum date was December 5, 2015. (Supplemental Certified Record (SCR) 1).

In June 2014, the Board released Hoousendove on parole to answer a Bergen County, New Jersey detainer and he was then moved to Monmouth County, New Jersey, to answer a case for failure to pay a fine. (SCR 11). He was released from the Monmouth County Jail on October 31, 2014, and was declared delinquent by the Board effective November 1, 2014, after he failed to report to the Joseph E. Coleman Center in Philadelphia. (*Id.* 10, 11, 36).

In January 2015, Hoousendove was arrested by the Baltimore County, Maryland Police for theft and possession charges and the Board issued a detainer. In February 2015, Hoousendove waived his right to a jury trial and was adjudged guilty of the theft charge by the District Court of Maryland for Baltimore County and sentenced to serve 18 months imprisonment that was suspended and to be served as unsupervised probation; the possession charge was nolle prossed. (SCR 18-21).

Later that month, Hoousendove was returned to Pennsylvania in parole violator pending status. In April 2015, the Board provided Hoousendove with a Notice of Charges and Hearing on his parole violations; he waived his right to counsel and to a revocation hearing; he admitted that he was convicted of theft

2

in a court of record, the District Court of Maryland for Baltimore County, and that the offense was punishable by imprisonment; and he admitted to the violation of the technical conditions of his parole. (SCR 23-27, 29). Relying on his admissions, in May 2015, the Board recommitted Hoousendove as a technical and convicted parole violator to serve concurrent terms of 6 months backtime. (*Id.* 42). The Board recalculated his parole violation maximum date to July 27, 2016. (*Id.* 42-43, 46-47).

In June 2015, Hoousendove submitted a *pro se* petition for administrative relief to the Board alleging that his maximum date should be February 27, 2016, not July 27, 2016, because he was only at liberty for 83 days from November 1, 2014, after he was released in New Jersey to January 23, 2015, when he was arrested in Maryland. (SCR 48-51). In July 2015, the Board denied Hoousendove's petition for relief explaining:

> When you were released on parole from your original sentence on June 2, 2014, your maximum sentence date was December 5, 2015, which left 551 days remaining to serve on your original sentence. While on parole, you were arrested and placed into SCI-Camp Hill on February 13, 2015 for possible parole violation. The Board lodged its warrant to commit and detain you on January 23, 2015 due [to] violations of your parole. You were arrested on January 23, 2015 by the Baltimore County Police Department and convicted out of state on February 9, 2015 and placed in SCI-Camp Hill in "parole violator pending" status. The Board decision recorded May 14, 2015 recommitted you as a convicted parole violator.
>
> With the above facts in mind, as a convicted parole violator you automatically forfeited credit for all of the time that you spent on parole. *See* 61 Pa. C.S.

§6138(a)(2).[2] You are not entitled to a back time served credit, (i.e. time that you were held solely on the Board's warrant prior to your recommitment order) because you were never incarcerated <u>solely</u> on the Board's warrant. You received back time credit from January 23, 2015 (date Board lodged its detainer) to February 9, 2015 (date of conviction) or 17 days. You received credit for this period because the Board's detainer was the sole source of your incarceration. Applying 17 days to 551 days yields a total of 534 days owed (or 1 year, 5 months, 16 days). You became available to begin serving your back time on February 9, 2015 when you were convicted and released by Maryland to Pennsylvania authorities. Adding 534 days to February 9, 2015 yields a new parole violation maximum date of July 27, 2016. Therefore, your parole violation maximum sentence date is correct.

(SCR 52) (emphasis in original and citation omitted).

---

[2] Section 6138(a) of the Prisons and Parole Code states, in relevant part:

**(a) Convicted violators.—**

(1) A parolee under the jurisdiction of the Board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge … at any time thereafter in a court of record, may at the discretion of the board be recommitted as a convicted parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and shall be given no credit for the time at liberty on parole.

61 Pa. C.S. §6138(a)(1), (2).

4

In this appeal,[3] Hoousendove argues that the Board erred in recommitting him as a convicted parole violator because the District Court of Maryland for Baltimore County in which he was convicted and sentenced for the theft offense is not a "court of record" as required by Section 6138(a)(1) of the Prisons and Parole Code for such a recommitment.

However, as noted above, on the form that he signed waiving his right to a revocation hearing and his right to counsel, Hoousendove specifically admitted that "while I was on parole/delinquent on parole, I have been convicted of the offense(s) in a court of record and the offense(s) was punishable by imprisonment." (SCR 24). As a result, by his own admission, Hoousendove's theft conviction in the District Court of Maryland for Baltimore County meets the requirements for recommitment as a convicted parole violator under Section 6138(a)(1) of the Prisons and Parole Code and provides substantial evidence to support the Board's revocation order. *Heckrote v. Pennsylvania Board of Probation and Parole*, 465 A.2d 118, 119 (Pa. Cmwlth. 1983). *See also* (SCR 18-21); *Chapman v. Pennsylvania Board of Probation and Parole*, 484 A.2d 413 (Pa. Cmwlth. 1984) (holding that certified copies of convictions are sufficient by themselves to support recommitment as a convicted and technical parole violator).

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, or whether the necessary findings of fact were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28 (Pa. Cmwlth. 2006).

Additionally, the District Court of Maryland for Baltimore County is a "court of record" pursuant to the Maryland Constitution and statutes. *See* Md. Const. art. IV, §1 ("The Judicial power of the State is vested in a Court of Appeals, such intermediate courts of appeal as the General Assembly may create by law, Circuit Court, Orphans' Courts, and a District Court. These shall be Courts of record, and each shall have a seal to be used in the authentication of all process issuing from it."); Md. Code Courts and Judicial Proceedings §1-601 ("The District Court of Maryland is established. It is the court of limited jurisdiction created by Article IV, §§1 and 41A through 41-I of the Maryland Constitution. It is a court of record and shall have a seal.").

Moreover, the case law and statute cited by Hoousendove do not support his claim of Board error. In *Chesson v. Pennsylvania Board of Probation and Parole*, 47 A.3d 875, 880 (Pa. Cmwlth. 2012), this Court explained:

> Chapter 4 [of the Rules of Criminal Procedure] provides that summary offenses, whether brought by citation or complaint, are filed with an "issuing authority." Pa. R.Crim. P. 406; Pa. R.Crim. P. 420. The summary offense charged is then either disposed of by a guilty plea or by a trial before the "issuing authority." Pa. R.Crim. P. 424; Pa. R.Crim. P. 454. "Issuing Authority" is defined under the Rules as "any public official having the power and authority of a magistrate, a Philadelphia arraignment court magistrate, or a magisterial district judge." Pa. R.Crim. P. 103.

As a result, this Court held that because Pa. R.Crim. P. 1002(A) provides that "all criminal proceedings in which a person is accused only of … non-traffic summary offenses … shall proceed as provided in Chapter 4 of the

Rules of Criminal Procedure," "a conviction for a summary offense before the Municipal Court of Philadelphia County is the functional equivalent of a conviction before a magisterial district judge. As such, a conviction for a summary offense before the Municipal Court of Philadelphia County is not a conviction in a court of record for the purposes of Section 6138(a)(1) of the Code." *Id.*

In contrast, Chapter 4 of the Rules and Pa. R.Crim. P. 1002(A) do not apply to the conviction underlying the instant parole revocation because Hoousendove was not convicted by the District Court of Maryland for Baltimore County for a "non-traffic summary offense" under the relevant Pennsylvania Rules and the relevant statutes. *See* Section 106(c) of the Pennsylvania Crimes Code, 18 Pa. C.S. §106(c) ("An offense defined by this title constitutes a summary offense if … it is so designated in this title, in a statute other than this title; or … if a person convicted thereof may not be sentenced to a term of imprisonment, the maximum of which is not more than 90 days."); Section 3903(b) of the Pennsylvania Crimes Code, 18 Pa. C.S. §3903(b) ("Theft not [designated as a felony], constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and: … the amount involved was $50 or more but less than $200 the offense constitutes a misdemeanor of the second degree; or … the amount involved was less than $50 the offense constitutes a misdemeanor of the third degree."). *See also* (SCR at 20) ("CHARGE: 001 … CR 7104 18 M &/or $500.00 THEFT: LESS $1,000 VALUE"); Md. Code Crim. Law §7-104(g)(2) ("[A] person convicted of theft of property or services with a value of less than $1,000, is guilty of a misdemeanor

7

and … is subject to imprisonment not exceeding 18 months or a fine not exceeding $500 or both….").

Likewise, Hoousendove's citation to Section 1515 of the Judicial Code, 42 Pa. C.S. §1515, relating to the jurisdiction of Pennsylvania magisterial district judges, does not support his claim of error. Section 1515(a)(6)(i) of the Judicial Code provides, in relevant part:

> **(a) Jurisdiction.**—Except as prescribed by general rule … district justices shall, under procedures prescribed by general rule, have jurisdiction of all of the following matters:
>
> \* \* \*
>
> (6)(i) Offenses under Title 18 (crimes and offenses) … which are classified as misdemeanors of the third degree, if the following criteria are met:
>
> (A) The misdemeanor is not the result of a reduced charge.
>
> (B) Any personal injury or property damage is less than $500.
>
> (C) The defendant pleads guilty.
>
> (D) The defendant is not subject to the provisions of [the Juvenile Act, 42 Pa. C.S. §§6301-6375].

42 Pa. C.S. §1515(a)(6)(i). In turn, Section 106(b)(8) of the Crimes Code provides that "[a] crime is a misdemeanor of the third degree if it is so designated in this

title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than one year." 18 Pa. C.S. §106(b)(8).

It is undisputed that Hoousendove pleaded not guilty to the misdemeanor theft offense; waived his right to a jury trial and was tried for that crime by a judge of the District Court of Maryland for Baltimore County; was found guilty by that court of the misdemeanor theft offense; and was sentenced by that court to an 18-month term of imprisonment that was suspended and directed to be served as unsupervised probation. (SCR 18-21). As outlined above, such a trial and sentence are not within the jurisdiction of a Pennsylvania magisterial district judge under Section 1515(a)(6)(i) of the Judicial Code. As a result, Hoousendove's reliance on *Chesson* and Section 1515 of the Judicial Code are misplaced because they are patently inapplicable to the charges or sentence underlying the revocation of his parole as a convicted parole violator.

Accordingly, the Board's order is affirmed.

_____
DAN PELLEGRINI, President Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Hoousendove,                          :
                      Petitioner           :
                                           :
         v.                                : No. 1443 C.D. 2015
                                           :
Pennsylvania Board of Probation            :
and Parole,                                :
                      Respondent           :

# **O R D E R**

AND NOW, this 5<u>th</u> day of <u>January</u>, 2016, the order of the Pennsylvania

Board of Probation and Parole bearing a mailing date of July 13, 2015, is affirmed.

_____
DAN PELLEGRINI, President Judge