IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Williams, : 
        Petitioner : 
     : No. 638 C.D. 2015
    v. : 
     : Submitted: February 12, 2016
Pennsylvania Board of Probation : 
and Parole, : 
        Respondent : 

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE DAN PELLEGRINI, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                       FILED: June 6, 2016

Steven E. Burlein, Esquire (Counsel), of the Wayne County Public Defender's Office, petitions the Court for leave to withdraw as counsel on behalf of Derrick Williams (Williams). Williams petitions for review of the February 2, 2015 order of the Pennsylvania Board of Probation and Parole (Board), which dismissed his petition for administrative review challenging the calculation of his maximum sentence date. Upon review, we grant Counsel's motion for leave to withdraw and affirm the Board's order.

On January 14, 1991, following his guilty plea to two counts of receiving stolen property and one count of burglary, a trial court sentenced Williams to an aggregate term of imprisonment of two years and nine months to six years and

six months. Williams' original minimum sentence date was November 5, 1992, and his maximum sentence date was August 5, 1996. By decision recorded August 19, 1992, the Board granted Williams parole. (Certified Record (C.R.) at 1-6, 9.)

While on parole, Williams was arrested by the Philadelphia Police Department on March 14, 1994, and the district attorney charged him with various drug crimes and possession of a firearm. Williams was confined in the Philadelphia County Prison – he was not released on his own recognizance and did not post bail. The Board subsequently lodged a warrant to commit and detain Williams on September 15, 1994. Around this time, Williams became the subject of a federal investigation, and on November 9, 1994, the United States attorney charged Williams with federal drug trafficking crimes and possession of a firearm by a convicted felon (the "Federal Case."). On February 7, 1995, Williams pled guilty to numerous crimes in the Federal Case, the district attorney dropped the state law charges, and Williams was transferred to the federal authorities on October 11, 1996. On December 6, 1996, a federal district court sentenced Williams to twenty-two years and six months' imprisonment and Williams was returned to state custody on December 11, 1996. (C.R. at 10-15, 36-37, 65, 68.)

On January 29, 1997, the Board provided Williams with a notice of charges and a hearing form, advising him that a violation and revocation hearing would be held on February 4, 1997. Represented by counsel, Williams had a revocation and violation hearing on the scheduled date, after which the Board, by decision recorded February 4, 1997, recommitted Williams as a technical parole violator (TPV) and a convicted parole violator (CPV). In its decision, the Board recommitted Williams "when available," or, in other words, upon completion of his sentence in the Federal Case. (C.R. at 65-68.) Notably, Williams did not file an

2

administrative appeal challenging the Board's decision to revoke his parole and recommit him as a TPV and CPV.

On August 27, 1997, Williams was transferred to federal authorities to serve his federal sentence in a federal correctional facility. The Federal Bureau of Prisons (Bureau) provided Williams with sentencing credit on his federal sentence for the time period of September 18, 1994, to August 26, 1997, which represents the time that Williams spent in custody in a state correctional institution while the Federal Case was instituted. Thereafter, the Bureau provided Williams with goodtime credit and reduced his sentence to twenty years and one month. On November 10, 2014, Williams was released to the Board's custody and returned to a state correctional institution on November 17, 2014, to serve his original state sentence. (C.R. at 74-82.)

By decision recorded December 4, 2014, the Board recalculated Williams' maximum sentence date to March 14, 2018. The Board determined that Williams owed three years and six months for his original state sentence, but awarded him sentence credit for fifty-five days; in particular, the time period from September 15, 1994, when the Board lodged its warrant to detain, to November 9, 1994, when Williams was formally charged in the Federal Case. Subtracting fifty-five days from three years and six months, the Board arrived at a total of three years, four months, and four days as the total amount of time Williams owed on his original state sentence. Because Williams was not available to serve his state sentence until November 10, 2014, the Board added three years, four months, and four days to this date to arrive at a new maximum sentence date of March 14, 2018. (C.R. at 77, 83-85.)

3

Williams filed a request for administrative relief, contending that he should receive sentencing credit from November 9, 1994, the date he was formally charged in the Federal Case, to February 7, 1995, the date he pled guilty to the charges in the Federal Case. This administrative appeal was denied by the Board on February 2, 2015.

Thereafter, Williams filed a *pro se* petition for review with this Court. By *per curiam* order dated May 20, 2015, this Court appointed Counsel to represent Williams. On October 5, 2015, Counsel filed a motion for leave to withdraw and a no-merit letter, detailing the reasons why he determined that Williams' appeal lacked merit. After being granted an extension of time to file a brief, Williams filed a *pro se* brief in support of his appeal on February 1, 2016.

Before examining the merits of Williams' petition for review, we must first address Counsel's motion for leave to withdraw. *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010). In order to withdraw, Counsel must satisfy the procedural requirements set forth in *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758, 760-61 (Pa. Cmwlth. 1985). Under *Craig*, Counsel must notify the inmate of his request to withdraw, furnish the inmate with a no-merit letter satisfying the requirements of *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988), and inform the inmate of his right to retain new counsel or submit a brief on his own behalf. *Seilhamer*, 996 A.2d at 42-43. A no-merit letter must include an explanation of the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with an explanation of why those issues are meritless. *Id.* at 43. If counsel satisfies these requirements, the court will conduct its own review of the merits of the case, and, if

the court agrees with counsel, the court will permit counsel to withdraw. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009).

In the present case, Counsel notified Williams by letter dated October 2, 2015, that he was seeking leave to withdraw and provided Williams with a copy of the motion to withdraw. Counsel also advised Williams of his right to obtain substitute counsel or file a brief on his own behalf and provided Williams with a copy of the no-merit letter addressing his legal issue and setting forth the reasons why it lacks merit. In addition, Counsel's no-merit letter reflects that he has reviewed the record in this matter and the applicable law. The no-merit letter addresses the claim Williams raised in his petition for review and sets forth Counsel's reasons for concluding that it is meritless. Therefore, we conclude that Counsel has complied with the technical and procedural requirements of *Craig*.

Having determined that Counsel satisfied the necessary procedural and technical requirements to withdraw, we now conduct our own independent review to determine whether Williams' appeal is, in fact, without merit. An appeal is without merit when it lacks any basis in law or fact. *Commonwealth v. Santiago*, 978 A.2d 349, 356 (Pa. 2009).

On appeal,[1] Williams contends that the Board erred in failing to award him sentencing credit for the time period of November 9, 1994, when he was formally charged in the Federal Case, to February 7, 1995, when he pled guilty to charges in the Federal Case.

---

[1] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

This argument, however, is refuted by case law. In *Freeman v. Pennsylvania Board of Probation and Parole*, 957 A.2d 356 (Pa. Cmwlth. 2008), this Court held that the Board had no legal obligation to award credit on an inmate's original state sentence for time he served at a state correctional facility from the date of his arrest on a new federal charge until the time of sentencing on the federal charge. *Id.* at 359-60. We explained that, in these circumstances, the inmate "is not entitled to credit for this period toward his original state sentence; rather, he [is] required to seek credit for the period through the [Bureau], the appropriate federal administrative channel." *Id.* at 360. Here, the record reflects that, during the time-frame at issue, the Bureau awarded Williams sentencing credit for his sentence in the Federal Case. (C.R. at 78.) Williams is not entitled to "double credit," that is, credit for the same time on his original state sentence. *See Freeman*, 957 A.2d at 360-61. We conclude, therefore, that Williams' argument is without merit.

Williams also argues that his parole revocation hearing in 1997 was held in an untimely fashion and that the Board did not act with due diligence in obtaining a certification of his convictions in the Federal Case.

"The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal." *Chesson v. Pennsylvania Board of Probation and Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012). *See* Pa.R.A.P 1551(a) ("No question shall be heard or considered by the court which was not raised before the government unit . . . .").

Here, Williams did not file an administrative appeal challenging the Board's February 4, 1997 decision to revoke his parole and recommit him as a TPV and CPV. Consequently, that decision became final and Williams cannot collaterally

attack the validity or timeliness of his revocation hearing in his current appeal. *See Hawk v. Eldred Township Board of Supervisors*, 983 A.2d 216, 223 (Pa. Cmwlth. 2009) ("An appellant cannot pursue in a subsequent appeal matters in which he or she could have pursued in a prior appeal.") (citations omitted). Moreover, the record indicates that Williams failed to raise this issue at any time before the Board during any administrative appeal and, consequently, the issue is waived for purposes of this appeal. *Chesson*, 47 A.3d at 878. Therefore, because Williams' argument is waived, and he cannot now attack the validity of a revocation hearing that occurred approximately seventeen years prior to the Board's instant administrative decision, we conclude that it is devoid of merit.

Accordingly, having made an independent evaluation of the issues presented, and having found that Counsel has satisfied the criteria required for filing a no-merit letter, we grant Counsel's motion for leave to withdraw and affirm the Board's denial of administrative relief.

_____
PATRICIA A. McCULLOUGH, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Williams, :
          Petitioner :
           : No. 638 C.D. 2015
          v. :
           :
Pennsylvania Board of Probation :
and Parole, :
          Respondent :

## ***ORDER***

AND NOW, this 6th day of June, 2016, the petition for leave to withdraw as counsel filed by Steven E. Burlein, Esquire, is granted. The February 2, 2015 order of the Pennsylvania Board of Probation and Parole is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge