IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lateef Phoenix,                          :
                    Petitioner          :
                                         :
        v.                               :  No. 1243 C.D. 2017
                                         :  SUBMITTED:  January 4, 2019
Pennsylvania Board of Probation          :
and Parole,                              :
                    Respondent          :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED:  March 18, 2019

        Lateef Phoenix (Petitioner) petitions for review of the Pennsylvania Board of

Probation and Parole's (Board) August 8, 2017 Order affirming its March 25, 2016

decision to recommit Petitioner as a convicted parole violator (CPV) to serve 30

months of backtime, and recalculate his new maximum parole violation expiration

date as being December 2, 2018. After thorough review, we dismiss Petitioner's

Petition for Review (Petition), due to his failure to properly preserve any issues for

our consideration.

        On February 1, 2010, Petitioner pled guilty in the Court of Common Pleas of

Dauphin County (Trial Court) to two counts of possession with intent to deliver

(PWID), for which he was sentenced to concurrent three-and-one-half to seven

years' incarceration. Certified Record (C.R.) at 1. Petitioner was subsequently

released from prison on an unspecified date,[1] but was again arrested on May 17, 2012. C.R. at 13. He pled guilty in the Trial Court on March 12, 2013, to one count of PWID and was given a sentence of 11½ to 23 months' incarceration. Petitioner also pled guilty to a related conspiracy charge, for which he was given two years' probation, to be served concurrently with the 2013 PWID sentence. *Id.*

Thereafter, on March 31, 2014, the Board granted Petitioner's request for parole and released him to a halfway house in Harrisburg on May 27, 2014. At that time, his parole violation maximum date was August 4, 2017, for one of his 2010 PWID convictions and June 13, 2016, for the other. C.R. at 22-27. Petitioner successfully completed his time at the halfway house and, on June 5, 2014, moved to a private residence located in Harrisburg. C.R. at 49.

On August 5, 2015, a Board agent, along with a Harrisburg police officer, conducted a parole check at Petitioner's home and discovered two ASP batons[2] and a dagger, packages of heroin, several Clonazepam pills, and drug paraphernalia, including packaging material and a digital scale. *Id.* As a result, Petitioner was arrested and subsequently charged with PWID and a number of other drug-related offenses on August 23, 2015. C.R. at 36-39.

On October 20, 2015, the Board recommitted Petitioner for six months as a technical parole violator (TPV) for possession of weapons. C.R. at 79. Petitioner pled guilty on January 5, 2016, to one count each of PWID and simple possession,[3]

---

[1] The Certified Record is entirely silent regarding how, when, and why Petitioner was released after his 2010 convictions.

[2] This is a type of telescoping baton that is popular with law enforcement personnel. *See* History & Heritage, ASP, Inc. (2019), https://www.asp-usa.com/pages/history-heritage, (last visited March 12, 2019).

[3] The simple possession charge and guilty plea pertained to the Clonazepam found during the course of the parole visit and subsequent search. C.R. at 82.

for which he was sentenced to an aggregate term of two to five years in prison. C.R. at 82-83. This prompted the Board to modify its October 20, 2015 decision, as Petitioner was now a CPV, as opposed to a TPV. On February 29, 2016, the Board ordered Petitioner to serve 30 months of backtime and extended the maximum date for his existing 2010 and 2013 convictions to December 2, 2018. C.R. at 101.

On April 1, 2016, Petitioner mailed a timely *pro se* request for administrative relief to the Board. C.R. at 116. Therein, Petitioner asserted a confusing, multipart argument regarding: (1) conflicts between subsections 6138(a)(2) and (a)(5) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138(a)(2) and (a)(5), which articulate some of the Board's powers; (2) the lack of a statutory definition for the phrase "at liberty on parole," which is used in 61 Pa. C.S. § 6138(a)(2); (3) violation of the separation of powers; and (4) due process violations relating to the Board's February 29, 2016 recalculation of the maximum dates for his 2010 and 2013 sentences. C.R. at 116-20. On these bases, Petitioner asked the Board to "recalculate time credit and/or modify its decision to state a term not in excess of the original maximum sentence imposed by the [Trial Court]." C.R. at 120. On August 8, 2017, the Board denied Petitioner's request for relief, stating:

> The Board has the authority to establish a parole violation maximum date in cases of [CPVs]. *See Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007). Because you were recommitted as a [CPV], you are not entitled to receive credit for any periods you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2).

C.R. at 122.

Nicholas E. Newfield, Esquire, (Counsel) was subsequently appointed to represent Petitioner and filed the Petition with our Court on September 7, 2017. However, by his own admission, Counsel "[did] not have a copy of the Pro Se filing

3

[through which Petitioner had sought administrative relief from the Board].” Petition at 1. Therein, Counsel put forth a single argument, one which had not been included in Petitioner's earlier request for administrative relief:

> The Board committed error in its calculation of [Petitioner's] recalculated maximum date by setting a maximum date substantially beyond the time period which parolee can be required to serve on the underlying sentence. Specifically, the Board failed to properly credit time served by the Petitioner due solely to the Board's detainer, and does not accurately reflect the periods of time during which Petitioner was incarcerated and under the Board's jurisdiction.

*Id.* at 2.

On December 1, 2017, Counsel submitted an Application for Leave to Withdraw Appearance (Application) and a no-merit letter.[4] In his Application, Counsel stated he had “conducted a full and conscientious examination of the record certified to this Honorable Court by the . . . Board” and had “concluded that there is no factual or legal basis for Petitioner['s] appeal and that the said appeal is frivolous.” Application at 3. In the no-merit letter, Counsel provided the following explanation for his conclusion:

> The crux of Petitioner['s] argument is that the Board lacks the authority to extend the maximum date of his original sentence. Petitioner avers that the Board is acting in a judicial manner, in so “changing” the original sentence. The greensheet indicates the Board chose not to credit Petitioner with any of the time spent at liberty on parole, which the [Board] has the authority to do.
>
> . . .

---

[4] In a no-merit letter, appointed counsel seeks to withdraw from representation because “the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous.” *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

4

> While Section 21.1(b) of the Parole Act, 61 P.S. §331.21a(b),[5] provides that a [TPV] will be given credit for street time served in good standing, time spent in good standing prior to recommitment for technical violations is not shielded from forfeiture where the parolee subsequently commits a new crime and is recommitted as a [CPV]. *Houser v. Pennsylvania Board of Probation and Parole*, 682 A.2d 1365 (Pa. Cmwlth. 1996), *petition for allowance of appeal denied*, . . . 692 A.2d 568 ([Pa.]1997); *Anderson v. Pennsylvania Board of Probation and Parole*, . . . 472 A.2d 1168 ([Pa. Cmwlth.] 1984). Thus, as in the case with Petitioner . . . upon his recommitment as a [CPV], in addition to losing all time spent at liberty during the current parole, he also forfeited all credit received for time spent in good standing while on parole prior to his previous recommitment as a [TPV].
>
> Accordingly, there is no merit in either law or fact to [Petitioner's] challenge to the decision of the . . . Board.

Application, Ex. B at 2-3. Counsel also sent a letter to Petitioner, informing him that Counsel had found the Petition to be without merit, explaining the reasons for this determination and directing Petitioner to retain another attorney or file a *pro se* brief with our Court, in the event that Petitioner disagreed with Counsel's conclusion. Application, Ex. A at 1-3.

We denied Counsel's Application on April 5, 2018, deeming the attached no-merit letter to be inadequate for the following two reasons:

---

[5] Counsel referenced this statute, despite the fact it was repealed by our General Assembly in 2009, and replaced by Section 6138(c)(2) of the Code, 61 Pa. C.S. §6138(c)(2). *See Morton v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 2023 C.D. 2016, filed Sept. 21, 2017), slip op. at 6 n.7, 2017 WL 4171304 at *3 n.7 ("Section 21.1(b) of what was commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, *added* by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. §§331.1–331.34a, was repealed by the Act of August 11, 2009, P.L. 147, No. 33, §11(b). The Parole Code was consolidated and became effective on October 13, 2009.").

> First, the argument raised therein, pertaining to credit for the time Petitioner spent at liberty on parole, was raised for the first time in the letter itself and was not included in either Petitioner's pro se filing with the Board, or the subsequent Petition that was filed by Counsel. *See Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012) ("The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal."). Second, this letter fails to address the only challenge made in the Petition, regarding credit for time served by Petitioner while incarcerated pursuant to a detainer issued by the Board.

*Phoenix v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1243 C.D. 2017, filed April 5, 2018), slip op. at 7, 2018 WL 1630602 at *3 (*Phoenix I*). We denied the Application without prejudice and gave Counsel 30 days to file an amended application and a revised no-merit letter, or a substantive brief in support of the Petition. *Id.* at 7.

Counsel chose the former option, submitting his Amended Application and revised no-merit letter on April 23, 2018. As in his original Application, Counsel stated that he had "conducted a full and conscientious examination of the record certified to this Honorable Court by the . . . Board and ha[d] concluded that there is no factual or legal basis for Petitioner['s] appeal and that the said appeal is frivolous." Amended Application at 3.

In the appended, revised no-merit letter, Counsel listed four issues Petitioner had raised in his *pro se* request for administrative relief, using language that virtually duplicated that used by this Court in *Phoenix I* to summarize Petitioner's administrative challenge. *Compare* Amended Application, Ex. B at 1 *with Phoenix I*, slip op. at 3. Counsel then claimed that this Court had "narrowed the scope of Petitioner's arguments[,] indicating as follows: 'Petitioner's specific arguments are

6

extraordinarily confusing, the overarching theme, or general thrust, of Petitioner's request for administrative relief was that the Board improperly extended Petitioner's maximum date[.]" Amended Application, Ex. B at 2. Counsel followed this by quoting subsections 6138(a)(1) and (2) of the Code, and then declaring "[i]t is clear from a plain reading of the statute [that CPVs] are not entitled to any credit for street-time. Consequently, when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time, regardless of good or delinquent standing." *Id.* On this basis, Counsel concluded that the Petition "has no basis in law or in fact and is, therefore, frivolous[,]" as the Board properly elected "not to credit Petitioner with any of the time spent at liberty on parole." *Id.* at 3-4.

Counsel also sent a letter to Petitioner, informing him that Counsel had found the Petition to be without merit, explaining the reasons for this determination and directing Petitioner to retain another attorney or file a *pro se* brief with our Court, in the event that Petitioner disagreed with Counsel's conclusion. Amended Application, Ex. A at 1-3.

We again denied Counsel's request for leave to withdraw on August 10, 2018, finding that the revised no-merit letter was still insufficient on technical grounds:

> As with his first attempt, we find Counsel's revised no-merit letter deficient for several reasons: First, nothing in this revised no-merit letter addresses the fact that, as it currently stands, Counsel has not addressed any of Petitioner's potentially reviewable issues that were originally presented to the Board and, instead, inexplicably raised an unreviewable challenge in the Petition submitted to this Court on behalf of his client. *See Chesson . . .*, 47 A.3d [at] 878 . . . Second, contrary to Counsel's assertion, we *did not* "narrow[ ] the scope of Petitioner's arguments" by expressing in *Phoenix I* that "the overarching theme, or general thrust, of Petitioner's

7

request for administrative relief was that the Board improperly extended Petitioner's maximum [parole violation] date." Amended Application, Ex. B at 2. This statement was part of our explanation for why Counsel could elect to file a no-merit letter, rather than a mechanism by which Counsel could evade his responsibility to properly address each of the issues Petitioner raised before the Board. Finally, Counsel's legal analysis in his Amended Application is fundamentally flawed, as his declaration that "[i]t is clear from a plain reading of [61 Pa. C.S. §6138(a) that CPVs] are not entitled to any credit for street-time [*i.e.*, time at liberty on parole]" is inaccurate. *See* 61 Pa. C.S. §6138(a)(2.1); *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017).

*Phoenix v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1243 C.D. 2017, filed Aug. 10, 2018), slip op. at 7-8, 2018 WL 3795564 at *4 (*Phoenix II*) (footnotes omitted). We gave Counsel an additional 30 days to file either a Second Amended Application for Leave to Withdraw Appearance and a revised no-merit letter, or a substantive brief in support of Petitioner's Petition. *Id.* at 11.

This time, Counsel chose the latter option, submitting his Brief for Petitioner on September 10, 2018. Therein, Counsel put forth five arguments. First, he claimed that 61 Pa. C.S. § 6138(a)(2) and 61 Pa. C.S. § 6138(a)(5), which govern the Board's powers in part, conflict with each other, and that this conflict should be resolved in favor of finding that the Board did not have the power to revoke credit for time served at liberty on parole. Br. for Petitioner at 20-22. On that basis, Counsel argued that the Board improperly extended Petitioner's maximum date without factoring in the alleged requirement that it award such credit. *Id.* at 21-22. Second, Counsel maintained that the lack of a statutory definition for "at liberty on parole" in 61 Pa. C.S. § 6138(a)(2), "coupled with the [B]oard extending the term originally imposed [upon Petitioner] gives the [B]oard an unfettered, arbitrary power contrary to the

8

legislative intent." *Id.* at 22-24. Third, the Board abused its discretion by failing to award Petitioner credit for time served at liberty on parole and by neglecting to provide a written statement explaining its rationale for withholding such credit. *Id.* at 24-25. Fourth, the Board's recalculation of Petitioner's maximum date violated the separation of powers doctrine, since it enlarged Petitioner's judicially imposed sentence. *Id.* at 26-29. Finally, the Board's decision to extend Petitioner's maximum date violated his due process rights, as he should have been given "an opportunity to [have] a hearing [before] the sentencing court, which originally imposed [the] sentence[s to which the maximum date applied]." *Id.* at 29-30.

We need not address the substance of these arguments, however, as each of them has been waived.

> The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal. . . . The law is equally well settled that issues not raised in a petition for review are waived and will not be addressed by this Court.

*Chesson*, 47 A.3d at 878. As we have already noted *supra*, none of the issues argued by Petitioner before the Board were raised by Counsel in the subsequent Petition, an error which cannot be remedied through Counsel's attempt to resurrect them in the Brief for Petitioner. *See id.* at 877-79. Furthermore, to the extent that Counsel has tried to put forth new claims in the Petition (*i.e.*, the Board did not give Petitioner proper credit for time served due solely to the Board's detainer) or in the Brief for Petitioner (*i.e.*, the Board should have awarded Petitioner credit for time served at liberty on parole, or provided a written statement explaining why it chose not to do so), such attempts are procedurally improper and cannot establish a basis for

providing relief to Petitioner. *Id.* at 878.[6] Therefore, we dismiss Petitioner's Petition due to Counsel's failure to preserve any issues for our review.

_____
ELLEN CEISLER, Judge

---

[6] We also note that Counsel abandoned his argument that the Board failed to give proper credit for time served on the Board's detainer by failing to include it in the Brief for Petitioner, thereby rendering it waived even if Petitioner had raised that issue before the Board. *Aveline v. Pa. Bd. of Prob. & Parole*, 729 A.2d 1254, 1256 n.5 (Pa. Cmwlth. 1999).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lateef Phoenix,                                :
               Petitioner        :
                             :
       v.                         :  No. 1243 C.D. 2017
                             :
Pennsylvania Board of Probation    :
and Parole,                              :
               Respondent     :

## **O R D E R**

AND NOW, this 18th day of March, 2019, it is hereby ORDERED that Petitioner Lateef Phoenix's Petition for Review is DISMISSED, due to his failure to preserve any issues for appellate review.

_____
ELLEN CEISLER, Judge