IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy A. Gorko, : 
                    Petitioner : 
            : 
            v. : No. 135 C.D. 2019
            : Submitted: October 23, 2020
Pennsylvania Board of Probation : 
and Parole, : 
               Respondent : 

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge[1]
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT               FILED: February 5, 2021

Timothy A. Gorko, an inmate confined at the State Correctional Institution (SCI) at Greene, petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board)[2] recommitting him to serve 24 months' backtime as a convicted parole violator and recalculating his maximum sentence date to April 13, 2023. Michelle M. Alaskey, Esquire, of the Forest County Public Defender's Office filed an amended petition for review (Amended Petition) on Gorko's behalf, asserting that the Board erred by, *inter alia*, revoking Gorko's time spent at liberty on parole, not running his new sentence concurrently with his original sentence, extending his maximum sentence date, and failing to hold a timely

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

revocation hearing. Also before the Court is a motion to withdraw as counsel, filed by Allison D. Hartle, Esquire, also of the Forest County Public Defender's Office, asserting that the issues raised in the Amended Petition are meritless. For the following reasons, we affirm the Board and dismiss the motion to withdraw as counsel as moot.

In 2008, Gorko pleaded guilty to the charges of statutory sexual assault, fleeing or attempting to elude a police officer, and driving under the influence of alcohol. Certified Record (C.R. __) at 1. The Court of Common Pleas of the Forty-Fourth Judicial District, Wyoming County Branch, sentenced Gorko to one year and five months to nine years in an SCI. At that time, his maximum sentence date was November 27, 2016.

On December 3, 2012, Gorko was paroled from SCI-Coal Township to his mother's residence in Rusk, Texas. He remained on parole until December 9, 2015, when he was arrested in Texas for unlawful possession of a firearm by a felon. Gorko posted bail and was released on December 30, 2015. The Board lodged its warrant against Gorko on February 25, 2016. The Board advised the Texas authorities it was not seeking extradition prior to resolution of the new charges. Gorko was detained on the Board's warrant on March 3, 2016.

On May 3, 2016, Gorko pleaded guilty to the firearm charge and was sentenced to two years in prison by the Second Judicial District Court of Cherokee County, Texas. He was released to the Board on February 9, 2018, following the completion of his Texas sentence.

On February 14, 2018, Gorko waived his rights to counsel and a revocation hearing. By decision mailed on May 7, 2018, the Board recommitted

2

Gorko to serve 24 months' backtime as a convicted parole violator. The Board stated that due to his firearm conviction, he was considered a threat to the safety of the community and not amenable to parole supervision. The Board also directed that Gorko undergo evaluation for various treatment programs, and recalculated his maximum sentence date to April 13, 2023.

On June 7, 2018, Shakeerah Hameen, a paralegal working for Justice Solutions of America Inc., submitted an administrative remedies form on behalf of Gorko. It challenged the Board's decision as follows:

> I am aware of Mr. Gorko's offense and violations, however, I feel he has done enough time incarcerated. Once he finishes his required programs[,] I would like to see him transferred to work release.

C.R. 155. There were two attachments to the administrative remedies form. The first was a letter from Gorko's appointed counsel in Texas recommending Gorko for early release from incarceration because he possessed the illegal firearm in order to protect his livestock from wolves and coyotes. The second attachment was a letter from Gorko's mother, which stated that she paid his monthly parole fees from 2013 through 2015.

By decision mailed January 7, 2019, the Board Secretary denied Gorko's request for relief. The Board Secretary explained that under the Board's regulations, requests for administrative relief must "present with … specificity whatever is essential to a ready and adequate understanding of the factual and legal points requiring consideration." 37 Pa. Code §73.1(a)(3). Contrary to the regulation, Gorko did not assert legal errors, such as claiming the Board erred in revoking his parole or recalculating his maximum sentence date. Rather, Gorko

3

essentially sought leniency, which the Board Secretary stated is not a legitimate basis for seeking administrative review of a Board decision. Accordingly, the Board Secretary dismissed Gorko's request for relief for failure to present adequate factual and legal claims in opposition to the Board's decision, and affirmed the Board's May 7, 2018, decision.

On February 5, 2019, Gorko filed a *pro se* petition for review with this Court.[3] He claimed that the Board had no authority to extend his original maximum sentence date and that his Pennsylvania sentence should have run concurrently with, not consecutively, to his Texas sentence. The Forest County Public Defender's Office was appointed to represent Gorko. Attorney Alaskey entered her appearance and, as noted above, filed the Amended Petition on February 28, 2019. The Amended Petition states that the Board erred by failing to award Gorko credit for all of the time he spent in custody; failing to credit his sentence for the time he spent at liberty on parole, also known as street time; failing to provide a contemporaneous statement articulating why street time credit was denied; failing to run his Texas sentence concurrently with the service of his backtime; miscalculating his maximum sentence date; unlawfully extending his judicially imposed maximum sentence date; and failing to hold a timely revocation hearing.[4]

On March 7, 2019, the Board filed an application for summary and special relief, claiming that all issues for appellate review were waived because Gorko's request for administrative relief failed to raise any cognizable legal or

---

[3] In reviewing an adjudication of the Board, this Court determines whether constitutional rights were violated, errors of law were committed, or findings of fact were unsupported by substantial competent evidence. *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094 n.2 (Pa. Cmwlth. 1993); Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704.

[4] As noted above, Gorko waived his right to a revocation hearing.

4

factual claims. On March 26, 2019, we denied the Board's application and directed the parties to address in their briefs on the merits the Board's claim that Gorko failed to preserve any issues on appeal. On April 16, 2019, Attorney Alaskey withdrew her appearance and Robert D. Kinnear, Esquire, of the Kinnear Law Office, LLC, entered his appearance on behalf of the Public Defender's Office. On April 22, 2019, a briefing schedule was issued; Gorko's brief was due June 3, 2019. On July 20, 2020,[5] Allison D. Hartle, Esquire, of the Kinnear Law Office, LLC, filed the instant motion to withdraw as counsel, and thereafter entered her appearance on Gorko's behalf on July 24, 2020.

In her motion to withdraw, Attorney Hartle asserts that all of the claims raised in the Amended Petition are meritless.[6] We need not consider the merits of the claims, however, because none of the issues raised in the Amended Petition were raised in Gorko's administrative appeal. "The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal." *Chesson v. Pennsylvania Board of Probation and Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012). Here, as noted in the Board's January 7, 2019, decision, Gorko's administrative appeal failed to raise any reviewable issues and, instead, requested leniency from the Board. Thus, we are constrained to hold that all of the assignments of error in the Amended Petition are waived. Attorney Hartle's motion

---

[5] The record does not reflect why there was an approximately 13½-month gap between the due date for filing a brief on Gorko's behalf and the filing of the motion to withdraw as counsel.

[6] Despite our March 26, 2019, directive that the parties address the issue of whether Gorko failed to preserve any issues on appeal, the motion to withdraw as counsel is silent on the matter and the Board has not filed a responsive brief.

to withdraw as counsel, which asserts that the issues raised in the Amended Petition are without merit, is moot.

For all of the above reasons, the Board's decision is affirmed and the motion to withdraw as counsel is dismissed as moot.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy A. Gorko,                          :
                 Petitioner    :
                             :
           v.                           :    No. 135 C.D. 2019
                             :
Pennsylvania Board of Probation            :
and Parole,                                :
                 Respondent    :

# **O R D E R**

AND NOW, this 5th day of February, 2021, the Pennsylvania Board of Probation and Parole's January 7, 2019, decision is AFFIRMED, and the motion to withdraw as counsel, filed by Allison D. Hartle, Esquire, is DISMISSED as moot.

_____
MARY HANNAH LEAVITT, President Judge