# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nelson Coffield,                          :
                    Petitioner            :
                                          :
          v.                              :   No. 1621 C.D. 2017
                                          :   SUBMITTED: July 6, 2018
Pennsylvania Board of                     :
Probation and Parole,                     :
                    Respondent            :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED:  August 9, 2018

Nelson Coffield (Petitioner) petitions for review of the Pennsylvania Board of Probation and Parole's (Board) October 2, 2017 Order affirming in part and reversing in part its April 21, 2017 decision to recalculate Petitioner's maximum parole violation expiration date as February 20, 2023. Petitioner's appointed counsel, Nicholas E. Newfield, Esquire (Counsel), has submitted an Amended Application for Leave to Withdraw Appearance (Amended Application), in which Counsel asserts the Petition for Review (Petition) is frivolous and seeks our permission to withdraw from representation.  We deny Counsel's Amended Application and direct Counsel to file either a proper no-merit letter or an advocate's brief within 30 days of this opinion and order.

On January 11, 2007, Petitioner pled guilty in the Court of Common Pleas of Montgomery County (Trial Court) to one count of criminal conspiracy and one count of possession with intent to deliver (PWID), and was also found guilty of two counts

of unlawful possession of a controlled substance and two additional counts of PWID. Certified Record (C.R.) at 1.[1] Thereafter, Petitioner was sentenced to an aggregate term of 6 to 12 years in prison, with a maximum parole violation date of April 7, 2018. *Id.* at 1-3. Petitioner was eventually paroled on April 7, 2012. *Id.* at 5.

On March 3, 2016, Petitioner was arrested after a traffic stop, during which law enforcement officers discovered 59 narcotic pills and $840 in cash. Petitioner was subsequently charged with one count each of PWID, unlawful possession of a controlled substance, possession of drug paraphernalia, and operation of a motor vehicle with inoperative rear lights. *Id.* at 12-16. On September 21, 2016, Petitioner pled guilty to the PWID charge.[2] *Id.* at 27.

Consequently, on March 1, 2017,[3] the Board ordered Petitioner to be recommitted as a convicted parole violator to serve 24 months of backtime, "pending sentencing [for the PWID] conviction and [Petitioner's] return to a State Correctional Institution [(SCI)]." *Id.* at 38. This prompted Petitioner to submit an administrative remedies form on April 10, 2017, in which he challenged the length of his recommitment and the amount of time credit the Board had given him for being detained since his March 3, 2016 arrest. *Id.* at 44-45.

On March 29, 2017, the Trial Court sentenced Petitioner to 3 to 8 years in prison for the PWID conviction. *Id.* at 40-41. On April 21, 2017, the Board

---

[1] The Department of Corrections' "Sentence Status Summary" also indicates that Petitioner's probation, which was connected to a previous conviction for unlawful possession of a controlled substance, was revoked on January 11, 2007. However, it is not clear from the record when Petitioner committed this crime or when he was convicted. C.R. at 1.

[2] The remaining charges stemming from Petitioner's March 3, 2016 arrest were *nolle prossed* by the Montgomery County Office of the District Attorney. *Id.* at 40.

[3] This decision was mailed to Petitioner on March 3, 2017. *Id.* at 39.

2

recalculated Petitioner's maximum parole violation date as February 22, 2023.[4] *Id.* at 63-64. On May 15, 2017, Petitioner sent Alan Robinson, Esquire, the Board's Chief Counsel, a letter stating:

> My name is Nelson Lateef Coffield . . . I am currently incarcerated in SCI Graterford. I was paroled on 5/12/2012 [and] I was on [probation] when released until 2018. I caught new criminal charges on March 3, 2016 [and] a detainer was lodged against me on this same day from state parole. I was in [Montgomery County Correctional Facility] until I was sentenced on March 27, 2017 [sic] to a new 3-8 year state sentence. I received my green sheet on March 3, 2017 for charges [regarding which] I [had offered an] open guilty plea on Sept[ember] 21, 2016, which I received a 24[-]month parole hit for. I received a second green sheet on 5/11/17 stating my max [parole violation] date was changed from 4/7/18 to 2/22/2023. It says I owed 5 year[s,] 10 m[onths, and] 26 day[s] of backtime . . . [N]one of my street time was credited [nor] was the 14 month[s] of jail time I have [served] credited toward backtime. I would like an evidentiary hearing [and] was referred to write you to do so. Can you please tell me or guide me on steps I got to take or what I need to do to try to resolve the matters[?] [T]hank you for your concern.

*Id.* at 67.

Petitioner filed a second administrative remedies form on May 24, 2017, in which he challenged the Board's April 21, 2017 decision on numerous constitutional bases, claimed that the Board had improperly altered his judicially imposed sentence, and maintained that he was being detained pursuant to an illegal contract with the Board. *Id.* at 69-76. On October 2, 2017, the Board determined that it had improperly calculated Petitioner's maximum parole violation date and the correct date was actually February 20, 2023, not February 22, 2023. Thus, the Board granted

---

[4] This decision was mailed to Petitioner on May 5, 2017. *Id.* at 64.

Petitioner's challenge in part to correct this mistake, but otherwise denied his requests for relief. *Id.* at 77-79.[5]

On October 6, 2017, Attorney Robinson sent a letter to Petitioner explaining the Board's reasons for its October 2, 2017 decision. *Id.* at 80. First, the Board had dismissed Petitioner's April 10, 2017 challenge due to its untimeliness. *Id.* Second, turning to Petitioner's more recent requests for relief, Attorney Robinson stated that Petitioner was "required to serve the remainder of [his] original term and [was] not entitled to credit for any periods of time [he was] at liberty on parole," because Petitioner had been "recommitted as a convicted parole violator." *Id.* Third, Petitioner could not receive credit for time served between his March 3, 2016 arrest and his March 29, 2017 sentencing, "because [he was] not detained solely by the Board during that period." *Id.*[6] Finally, Petitioner's actual maximum parole violation date was February 20, 2023, meaning that the Board's original date calculation was incorrect. *Id.*

Petitioner submitted a *pro se* Petition to our Court on November 1, 2017. Therein, he argued that the Board had erred by choosing to "to take all time served on parole in 'good standing' and to only give him (2) two days credit towards his original sentence without conducting an individual assessment of the facts and circumstances surrounding his parole violation and revocation." Petition at 2. In addition, Petitioner claimed that the Board had improperly altered his judicially

---

[5] The Board mailed its October 2, 2017 decision to Petitioner on October 5, 2017. C.R. at 77.

[6] Petitioner failed to post bail after his March 3, 2016 arrest and was consequently held in the Montgomery County Correctional Facility pending trial on the criminal charges stemming from that arrest. C.R. at 36.

4

imposed sentence and, thus, violated his constitutional rights. *See id.* at 3.[7] As a result, Petitioner sought reversal of the Board's decisions to deny him credit for his time at liberty on parole and to extend his maximum parole violation date to February 20, 2023. *Id.*

Counsel subsequently entered his appearance on behalf of Petitioner on November 27, 2017, and filed his First Application to Withdraw and a no-merit letter on February 16, 2018.[8] In his Application, Counsel stated he had "conducted a full and conscientious examination of the record certified to this Court by the . . . Board, and ha[d] concluded that there is no factual or legal basis for Petitioner Coffield's appeal and that the said appeal is frivolous." Application at 3. In the no-merit letter, Counsel provided the following explanation for this conclusion:

> The crux of Petitioner Coffield's argument is that the Board lacks the authority to extend the maximum date of his original sentence. Petitioner avers that the Board is

---

[7] Petitioner contends that the Board lodged a detainer against [P]etitioner and entered an appearance in a criminal matter that subjects [P]etitioner to a "hit" that causes [P]etitioner to do an extended period of time in a state correctional institution without a written assignment made within the written judgment of sentence order signed by the sentencing judge in which [P]etitioner is being illegally detained and has suffered a significant increase in punishment in vioaltion [sic] of the "ex post facto clauses" of the U.S. Constitution, Article 1, § 9, Clause 3, and U.S. Constitution, Article 1, § 10, Clause 1. GREGG V. GEORGIA, 428 U.S. 153 [(1976)]. Detention or changing/altering/extending a judicially imposed sentence constitutes a violation of due process and cruel and unusual punishment in violation of U.S. Constitution, Amendments 5, 8, and 14. ESTELLE V. GAMBLE, 429 U.S. 97, 97 S.Ct. 285 (1976).

Petition at 3.

[8] In a no-merit letter, appointed counsel seeks to withdraw from representation because "the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

acting in a judicial manner, in so "changing" the original sentence. The greensheet indicates the Board chose not to credit Petitioner with any of the time spent at liberty on parole, which the Parole [B]oard has the authority to do. Section 21.1(a) "Parole Act" provides that a parolee may be recommitted as a convicted parole violator if the parolee commits any crime punishable by imprisonment, while on parole, from which he is convicted or found guilty. As evidence [sic] from the record, Petitioner Coffield was on parole while committing a new offense, [for] which he was sentenced on March 29, 2017 to a new term of imprisonment. ([C].R. [at] 40-41). Further, the [P]arole Act provides that a convicted parole violator "shall be given no credit for the time at liberty on parole." 61 P.S. [§] 331.21a. Upon recommitment as a convicted parole violator, the parolee must serve the remainder of the term which he would have been compelled to serve had he not been paroled with no credit given for street time. *Stepoli v. Pennsylvania Board of Probation and Parole*, 106 Pa. Cmwlth. 197, 525 A.2d 888 (1986). When computing the time yet to be served on the original sentence, the convicted parole violator's street time is added to the original maximum expiration date to create a new maximum expiry. *Palmer v. Pennsylvania Board of Probation and Parole*, 704 A.2d 195 (Pa. Cmwlth. 1997).

While Section 21.1(b) of the Parole Act, 61 P.S. § 331.21a(b), provides that a technical parole violator will be given credit for street time served in good standing, time spent in good standing prior to recommitment for technical violations is not shielded from forfeiture where the parolee subsequently commits a new crime and is recommitted as a convicted parole violator. *Houser v. Pennsylvania Board of Probation and Parole*, 682 A.2d 1365 (Pa. Cmwlth. 1996), *petition for allowance of appeal denied*, 547 Pa. 759, 692 A.2d 568 (1997); *Anderson v. Pennsylvania Board of Probation and Parole*, 80 Pa. Cmwlth. 574, 472 A.2d 1168 (1984). Thus, as in the case with Petitioner Phoenix,[9] upon his recommitment as a

---

[9] "Phoenix" presumably refers to *Phoenix v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1243 C.D. 2017, filed April 5, 2018). Counsel represented Phoenix and used *this exact block quote*, *verbatim*, in the unsuccessful Application for Leave to Withdraw Appearance he submitted in that matter on December 1, 2017. *See Phoenix*, slip op. at 1-6.

convicted parole violator, in addition to losing all time spent at liberty during the current parole, he also forfeited all credit received for time spent in good standing while on parole prior to his previous recommitment as a technical parole violator.

Accordingly, there is no merit in either law or fact to [Petitioner's] challenge to the decision of the . . . Board.

Application, Ex. B at 2-3. Counsel also sent a letter to Petitioner, informing him that Counsel found the Petition to be without merit, explaining the reasons for this determination, and directing Petitioner to retain another attorney or file a *pro se* brief with our Court, in the event that Petitioner disagreed with Counsel's explanation. Application, Ex. A at 1-3.

We denied Counsel's Application on May 22, 2018, deeming the attached no-merit letter to be inadequate for the following three reasons:

> First, Counsel repeatedly referenced and based the entirety of his legal analysis and conclusions upon the Parole Act,[10] despite the fact it was repealed by our General Assembly more than 8½ years ago through the Act of August 11, 2009, P.L. 147, and replaced by the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §§ 101-6153. Second, there are material differences between the Parole Act and Parole Code. For example, *as Petitioner himself pointed out in his pro se Petition*, the Parole Code vests the Board with discretion, in certain situations, to award a convicted parole violator with credit for time spent at liberty on parole. *See* Petition at 2 (citing *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466 (Pa. 2017) and 61 Pa. C.S. § 6138(a)(2.1)). Third, Counsel does not address or analyze either of the issues Petitioner raised in his *pro se* Petition in a satisfactory or legally accurate manner, specifically that the Board: 1. Erred by failing to credit Petitioner for "all time served on parole in 'good standing' and . . . only giv[ing] him (2) two days credit towards his original sentence without conducting an individual assessment of the facts and circumstances surrounding his

---

[10] Act of August 6, 1941, P.L. 861, *as amended*, *formerly* 61 P.S. §§ 331.1–331.34a.

7

parole violation and revocation"; and 2. Violated a number of Petitioner's constitutional rights by improperly altering his judicially imposed sentence. Petition at 2-3.

*Coffield v. Pa. Bd. of Prob. and Parole* (Pa. Cmwlth., No. 1621 C.D. 2017, filed May 22, 2018), slip op. at 8-9 (*Coffield I*) (emphasis in original). We denied the Application without prejudice and gave Counsel 30 days to file an amended application and revised no-merit letter, or a substantive brief in support of Petitioner's Petition. Commonwealth Court Order, May 22, 2018, at 1.

Counsel chose the former option, submitting his Amended Application and revised no-merit letter on June 25, 2018. As in his original Application, Counsel stated that he had "conducted a full and conscientious examination of the record certified to this Honorable Court by the . . . Board and ha[d] concluded that there is no factual or legal basis for Petitioner Coffield's appeal and that the said appeal is frivolous." Amended Application at 3.

In his revised no-merit letter, Counsel states that the Petitioner has challenged the Board's action on three bases: First, "[t]he . . . Board . . . has entered into an illegal contract with [Petitioner] concerning a judicially imposed sentence and has unlawfully punished [Petitioner] pursuant to such illegal contract." Amended Application, Ex. B at 1. Second, the

> Board does not possess the lawful authority to change the maximum date of a judicially imposed sentence [such as Petitioner's] . . . and that [the Board's] recalculation [of Petitioner's sentence] violates [Petitioner's] rights under the Double Jeopardy Clauses of the United States and Pennsylvania Constitutions, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Eighth Amendment to the United States Constitution . . . [as well as] Equal Protection . . . [and] the collateral estoppel doctrine.

8

*Id.* at 1-3.[11] Finally, the Board improperly calculated Petitioner's maximum parole violation expiration date, since "the Board should have credited him for the entire period he was incarcerated between March 3, 2016 [and] April 6, 2017 because the Board had lodged its detainer against him." *Id.* at 5.

Counsel first notes that, while the Board cannot impose backtime upon a convicted parole violator in excess of the unexpired length of the relevant sentence, the Board does have the discretionary authority to revoke credit for whatever street time the individual had accrued prior to violating his parole terms. *Id.* at 3-4. Thus, Counsel opines that "the Board made no error in the decision to recommit Petitioner to serve his unexpired term and to not give credit for time spent at liberty on parole." *Id.* at 4. Counsel cites case law declaring that parole revocation does not run afoul of the double jeopardy clauses found in either the United States or Pennsylvania Constitutions, or of the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.* at 5.

Counsel then maintains that the Board did not err by failing to credit the time Petitioner spent in custody between March 3, 2016 and April 6, 2017 toward the 2007 sentence. *Id.* According to Counsel, Petitioner "was sitting on both the Board's detainer and bail on the new [2016] offense" during that time window, necessitating that "credit for this [custodial] period . . . be applied to Petitioner's second sentence [stemming from his 2016 crimes] . . . due to bail being established and not posted on the new offense[s] . . . [and because] Petitioner was sentenced to a state correctional institution on the new offenses . . . [requiring him] to serve the original [2007] sentence prior to the new [2016] sentence." *Id.* at 5-6.

---

[11] It is unclear why Counsel claims that Petitioner has argued the Board's actions violate equal protection or run afoul of the collateral estoppel doctrine, given that Petitioner has never made such claims. *See* Petition at 1-3 (*pro se* arguments raised by Petitioner); C.R. at 44, 67, 69-74.

Finally, Counsel disputes Petitioner's claim that he signed an illegal contract with the Board:

> By signing the "Conditions Governing Parole/Reparole," Petitioner and the Board did not enter into a contract that authorized the Board to do something that was prohibited by law. Rather, that document simply placed Petitioner on notice of what the Board was legally authorized to do should he violate the terms of his parole/reparole, be arrested on new criminal charges, or be convicted of a new crime.

*Id.* at 6-7. Consequently, Counsel concludes that there is "no merit in Petitioner's illegal contract argument." *Id.* at 7.

Counsel also sent a letter to Petitioner, informing him that Counsel had found the Petition to be without merit, explaining the reasons for this determination, and directing Petitioner to retain another attorney or file a *pro se* brief with our Court, in the event that Petitioner disagreed with Counsel's conclusion. Amended Application, Ex. A at 1-6.

Before addressing the merits of Petitioner's Petition, we must assess the adequacy of Counsel's Amended Application and no-merit letter. Because Petitioner's Petition only challenged the Board's denial of credit for his time at liberty on parole and its decision to recalculate his maximum parole violation expiration date, Counsel appropriately elected to file a no-merit letter. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010).[12] "A no-

---

[12]   Pursuant to *Anders v. California*, 386 U.S. 738 (1967), court-appointed counsel must file what is known as an *Anders* brief when seeking to withdraw from representation in certain circumstances. *See Com. v. Santiago*, 978 A.2d 349, 353-55 (Pa. 2009). However,

> [w]here no constitutional right to counsel is involved, an attorney seeking to withdraw from representation in a probation and parole case need only file a no-merit letter, as opposed to an *Anders* brief. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d

merit letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Id.* at 43 (quoting *Com. v. Turner,* 544 A.2d 927, 928 (Pa. 1988)) (brackets omitted). As long as a no-merit letter satisfies these basic requirements, we may then review the merits of a petitioner's request for relief. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). However, if the letter fails on technical grounds, we must deny counsel's request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of his client. *Id.*

Here, we once again conclude that Counsel's no-merit letter is inadequate. In contravention of our well-established case law, Counsel appears to have *ignored the substance of Petitioner's Petition*, addressing claims in his no-merit letter that Petitioner failed to preserve for our review (such as Petitioner's double jeopardy and illegal contract arguments), while completely disregarding other claims that Petitioner *actually raised* in his Petition (such as the Board's failure to explain its reasons for revoking Petitioner's street time credit and the Board's violation of the

---

19, 26 (Pa. Cmwlth. 2009). A constitutional right to counsel arises when the petitioner presents a:

> colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Id.* at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)).

*Seilhamer*, 996 A.2d at 43 n.4.

11

*ex post facto* clause clauses). *Compare* Amended Application, Ex. B at 1-7 *with* Petition at 1-3; *see Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012).[13] This is inexplicable, given that we clearly summarized Petitioner's claims and advised Counsel that he neglected to properly address them in *Coffield I*. *See Coffield I*, slip op. at 8-9. Accordingly, we deny Counsel's Amended Application and direct him to file either a proper no-merit letter or an advocate's brief within 30 days.[14]

_____
ELLEN CEISLER, Judge

---

[13]     The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal. The law is equally well settled that issues not raised in a petition for review are waived and will not be addressed by this Court.

*Chesson*, 47 A.3d at 878 (internal citations omitted).

[14] We strongly encourage Counsel to consider and address whether Petitioner, through either of his administrative remedies forms or his letter to Attorney Robinson, preserved for our review his claim that the Board erred by failing to articulate a justification for revoking his street time credit.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nelson Coffield,                          :
                Petitioner       :
                                  :
      v.                                :    No. 1621 C.D. 2017
                                    :
Pennsylvania Board of                     :
Probation and Parole,                     :
                Respondent       :

**O R D E R**

AND NOW, this 9th day of August, 2018, the Amended Application for Leave to Withdraw Appearance filed by Counsel, Nicholas E. Newfield, Esquire, is hereby DENIED. Counsel shall file either a proper no-merit letter or an advocate's brief within 30 days from the date of this order.

      Jurisdiction retained.

                                    _____
                                    ELLEN CEISLER, Judge