## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lateef Phoenix,                                                :
              Petitioner         :
                                         :
      v.                            :  No. 1243 C.D. 2017
                                         :  SUBMITTED: May 4, 2018
Pennsylvania Board of Probation        :
and Parole,                                                   :
              Respondent        :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                          FILED: August 10, 2018

Lateef Phoenix (Petitioner) petitions for review of the Pennsylvania Board of Probation and Parole's (Board) August 8, 2017 Order affirming its March 25, 2016 decision to recommit Petitioner as a convicted parole violator to serve 30 months of backtime, and recalculate his new maximum parole violation expiration date as being December 2, 2018. Petitioner's appointed counsel, Nicholas E. Newfield, Esquire (Counsel), has submitted an Amended Application for Leave to Withdraw Appearance (Amended Application), in which Counsel asserts the Petition for Review (Petition) is frivolous and consequently seeks our permission to withdraw from representing Petitioner in this matter. We deny Counsel's Amended Application and, once again, direct him to file either a proper no-merit letter or an advocate's brief within 30 days of appointment.

On February 1, 2010, Petitioner pled guilty in the Court of Common Pleas of Dauphin County (Trial Court) to two counts of possession with intent to deliver

(PWID), for which he was sentenced to concurrent three-and-one-half to seven years' incarceration. Certified Record (C.R.) at 1. Petitioner was subsequently released from prison on an unspecified date,[1] but was again arrested on May 17, 2012. C.R. at 13. He pled guilty in the Trial Court on March 12, 2013 to one count of PWID and was given a sentence of 11.5 to 23 months' incarceration. Petitioner also pled guilty to a related conspiracy charge, for which he was given 2 years' probation, to be served concurrently with the 2013 PWID sentence. *Id.*

Thereafter, on March 31, 2014, the Board granted Petitioner's request for parole and released him to a halfway house in Harrisburg on May 27, 2014. At that time, the maximum parole violation expiration date was August 4, 2017 for one of his 2010 PWID convictions, and June 13, 2016 for the other. C.R. at 22-27. Petitioner successfully completed his time at the halfway house and, on June 5, 2014, moved to a private residence located in Harrisburg. C.R. at 49.

On August 5, 2015, a Board agent, along with a Harrisburg police officer, conducted a parole check at Petitioner's home and discovered two ASP batons[2] and a dagger, packages of heroin, several Clonazepam pills, and drug paraphernalia, including packaging material and a digital scale. *Id.* As a result, Petitioner was arrested and subsequently charged with PWID and a number of other drug-related offenses on August 23, 2015. C.R. at 36-39.

On October 20, 2015, the Board recommitted Petitioner for 6 months as a technical parole violator for possession of weapons. C.R. at 79. Petitioner pled

---

[1] The Certified Record is entirely silent regarding how, when, and why Petitioner was released after his 2010 convictions.

[2] This is a type of telescoping baton that is popular with law enforcement personnel. *See* History & Heritage, ASP, Inc. (2018), https://www.asp-usa.com/pages/history-heritage, (last visited July 30, 2018).

guilty on January 5, 2016 to one count each of PWID and simple possession,[3] for which he was sentenced to an aggregate term of 2 to 5 years in prison. C.R. at 82-83. This prompted the Board to modify its October 20, 2015 decision, as Petitioner was now a convicted parole violator, as opposed to a technical parole violator. On February 29, 2016, the Board ordered Petitioner to serve 30 months of backtime and extended the maximum parole violation date for his existing 2010 and 2013 convictions to December 2, 2018. C.R. at 101.

On April 1, 2016, Petitioner mailed a timely *pro se* request for administrative relief to the Board. C.R. at 116. Therein, Petitioner asserted a confusing, multipart argument regarding: (1) Conflicts between subsections 6138(a)(2) and (a)(5) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138(a)(2) and (a)(5), which articulate some of the Board's powers; (2) The lack of a statutory definition for the phrase "at liberty on parole," which is used in 61 Pa. C.S. § 6138(a)(2); (3) Violation of the separation of powers; and (4) Due process violations relating to the Board's February 29, 2016 recalculation of the maximum expiration dates for his 2010 and 2013 sentences. C.R. at 116-20. On these bases, Petitioner asked the Board to "recalculate time credit and/or modify its decision to state a term not in excess of the original maximum sentence imposed by the [Trial Court]." C.R. at 120. On August 8, 2017, the Board denied Petitioner's request for relief, stating:

> The Board has the authority to establish a parole violation maximum date in cases of convicted parole violators. *See Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007). Because you were recommitted as a convicted parole violator, you are not entitled to receive credit for any periods you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2).

C.R. at 122.

---

[3] The simple possession charge and guilty plea pertained to the Clonazepam found during the course of the parole visit and subsequent search. C.R. at 82.

Counsel was subsequently appointed to represent Petitioner and filed the Petition with our Court on September 7, 2017. However, by his own admission, Counsel "[did] not have a copy of the Pro Se filing [through which Petitioner had sought administrative relief from the Board]." Petition at 1. Therein, Counsel put forth a single argument, one which had not been included in Petitioner's earlier request for administrative relief:

> The Board committed error in its calculation of [Petitioner's] recalculated maximum date by setting a maximum date substantially beyond the time period which parolee can be required to serve on the underlying sentence. Specifically, the Board failed to properly credit time served by the Petitioner due solely to the Board's detainer, and does not accurately reflect the periods of time during which Petitioner was incarcerated and under the Board's jurisdiction.

*Id.* at 2.

On December 1, 2017, Counsel submitted an Application for Leave to Withdraw Appearance (Application) and a no-merit letter.[4] In his Application, Counsel stated he had "conducted a full and conscientious examination of the record certified to this Honorable Court by the . . . Board" and had "concluded that there is no factual or legal basis for Petitioner Phoenix's appeal and that the said appeal is frivolous." Application at 3. In the no-merit letter, Counsel provided the following explanation for his conclusion:

> The crux of Petitioner['s] argument is that the Board lacks the authority to extend the maximum date of his original sentence. Petitioner avers that the Board is acting in a judicial manner, in so "changing" the original sentence. The greensheet indicates the Board chose not to credit

---

[4] In a no-merit letter, appointed counsel seeks to withdraw from representation because "the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

4

Petitioner with any of the time spent at liberty on parole, which the [Board] has the authority to do . . .

While Section 21.1(b) of the Parole Act, 61 P.S. §331.21a(b),[5] provides that a technical parole violator will be given credit for street time served in good standing, time spent in good standing prior to recommitment for technical violations is not shielded from forfeiture where the parolee subsequently commits a new crime and is recommitted as a convicted parole violator. *Houser v. Pennsylvania Board of Probation and Parole*, 682 A.2d 1365 (Pa. Cmwlth. 1996), *petition for allowance of appeal denied*, 547 Pa. 759, 692 A.2d 568 (1997); *Anderson v. Pennsylvania Board of Probation and Parole*, 80 Pa. Cmwlth. 574, 472 A.2d 1168 (1984). Thus, as in the case with Petitioner . . . upon his recommitment as a convicted parole violator, in addition to losing all time spent at liberty during the current parole, he also forfeited all credit received for time spent in good standing while on parole prior to his previous recommitment as a technical parole violator.

Accordingly, there is no merit in either law or fact to [Petitioner's] challenge to the decision of the . . . Board.

Application, Ex. B at 2-3. Counsel also sent a letter to Petitioner, informing him that Counsel had found the Petition to be without merit, explaining the reasons for this determination and directing Petitioner to retain another attorney or file a *pro se* brief with our Court, in the event that Petitioner disagreed with Counsel's conclusion. Application, Ex. A at 1-3.

---

[5] Counsel referenced this statute, despite the fact it was repealed by our General Assembly in 2009, and replaced by Section 6138(c)(2) of the Code, 61 Pa. C.S. §6138(c)(2). *See Morton v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 2023 C.D. 2016, filed Sept. 21, 2017), slip op. at 6 n.7, 2017 WL 4171304 at *3 n.7 ("Section 21.1(b) of what was commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *added by* Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §§331.1–331.34a, was repealed by the Act of August 11, 2009, P.L. 147, No. 33, §11(b). The Parole Code was consolidated and became effective on October 13, 2009.").

We denied Counsel's Application on April 5, 2017, deeming the attached no-merit letter to be inadequate for the following two reasons:

> First, the argument raised therein, pertaining to credit for the time Petitioner spent at liberty on parole, was raised for the first time in the letter itself and was not included in either Petitioner's pro se filing with the Board, or the subsequent Petition that was filed by Counsel. *See Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012) ("The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal."). Second, this letter fails to address the only challenge made in the Petition, regarding credit for time served by Petitioner while incarcerated pursuant to a detainer issued by the Board.

*Phoenix v. Pa. Bd. of Prob. and Parole* (Pa. Cmwlth., No. 1243 C.D. 2017, filed April 5, 2018), slip op. at 7, 2018 WL 1630602 at *3 (*Phoenix I*). We denied the Application without prejudice and gave Counsel 30 days to file an amended application and a revised no-merit letter, or a substantive brief in support of the Petition. *Id.* at 7.

Counsel chose the former option, submitting his Amended Application and revised no-merit letter on April 23, 2018. As in his original Application, Counsel stated that he had "conducted a full and conscientious examination of the record certified to this Honorable Court by the . . . Board and ha[d] concluded that there is no factual or legal basis for Petitioner Phoenix's appeal and that the said appeal is frivolous." Amended Application at 3.

In the appended, revised no-merit letter, Counsel listed four issues Petitioner had raised in his *pro se* request for administrative relief, using language that virtually duplicated that used by this Court in *Phoenix I* to summarize Petitioner's administrative challenge. *Compare* Amended Application, Ex. B at 1 *with Phoenix*

6

*I*, slip op. at 3. Counsel then claimed that this Court had "narrowed the scope of Petitioner's arguments[,] indicating as follows: 'Petitioner's specific arguments are extraordinarily confusing, the overarching theme, or general thrust, of Petitioner's request for administrative relief was that the Board improperly extended Petitioner's maximum date[.]'" Amended Application, Ex. B at 2. Counsel followed this by quoting subsections 6138(a)(1) and (2) of the Code, and then declaring "[i]t is clear from a plain reading of the statute [that] convicted parole violators are not entitled to any credit for street-time. Consequently, when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time, regardless of good or delinquent standing." *Id.* On this basis, Counsel concluded that the Petition "has no basis in law or in fact and is, therefore, frivolous[,]" as the Board properly elected "not to credit Petitioner with any of the time spent at liberty on parole." *Id.* at 3-4.

Counsel also sent a letter to Petitioner, informing him that Counsel had found the Petition to be without merit, explaining the reasons for this determination and directing Petitioner to retain another attorney or file a *pro se* brief with our Court, in the event that Petitioner disagreed with Counsel's conclusion. Amended Application, Ex. A at 1-3.

Before addressing the validity of Petitioner's substantive arguments, we must assess the adequacy of Counsel's Amended Application and revised no-merit letter. Since Petitioner, throughout this process, has only sought to challenge the Board's calculation of his maximum parole violation expiration date, Counsel appropriately elected to file a no-merit letter. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996

7

A.2d 40, 43 n.4 (Pa. Cmwlth. 2010).[6] "A no-merit letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Id.* at 43 (quoting *Com. v. Turner*, 544 A.2d 927, 928 (Pa. 1988)) (brackets omitted). As long as a no-merit letter satisfies these basic requirements, we may then review the validity of a petitioner's request for relief. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). However, in the event the letter fails on technical grounds, we must deny counsel's request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of his client. *Id.*

As with his first attempt, we find Counsel's revised no-merit letter deficient for several reasons: First, nothing in this revised no-merit letter addresses the fact that, as it currently stands, Counsel has not addressed *any* of Petitioner's potentially

---

[6]    Pursuant to *Anders v. California*, 386 U.S. 738 (1967), court-appointed counsel must file what is known as an *Anders* brief when seeking to withdraw from representation in certain circumstances. *See Com. v. Santiago*, 978 A.2d 349, 353-55 (Pa. 2009). However,

> [w]here no constitutional right to counsel is involved, an attorney seeking to withdraw from representation in a probation and parole case need only file a no-merit letter, as opposed to an *Anders* brief. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009). A constitutional right to counsel arises when the petitioner presents a:
>
>> colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.
>
> *Id.* at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)).

*Seilhamer*, 996 A.2d at 43 n.4.

reviewable issues that were originally presented to the Board and, instead, inexplicably raised an unreviewable challenge in the Petition submitted to this Court on behalf of his client. *See Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012) (citations omitted).[7] Second, contrary to Counsel's assertion, we *did not* "narrow[ ] the scope of Petitioner's arguments" by expressing in *Phoenix I* that "the overarching theme, or general thrust, of Petitioner's request for administrative relief was that the Board improperly extended Petitioner's maximum [parole violation] date." Amended Application, Ex. B at 2. This statement was part of our explanation for why Counsel could elect to file a no-merit letter, rather than a mechanism by which Counsel could evade his responsibility to properly address each of the issues Petitioner raised before the Board. Finally, Counsel's legal analysis in his Amended Application is fundamentally flawed, as his declaration that "[i]t is clear from a plain reading of [61 Pa. C.S. §6138(a) that] convicted parole violators are not entitled to any credit for street-time [*i.e.*, time at liberty on parole]" is inaccurate. *See* 61 Pa. C.S. §6138(a)(2.1); *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017).[8]

Therefore, we deny Counsel's Amended Application. In addition, we direct Counsel to file a Second Amended Application and revised no-merit letter, or a substantive brief in support of the Petition, within 30 days. Regardless of which

---

[7] The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal. . . . The law is equally well settled that issues not raised in a petition for review are waived and will not be addressed by this Court.

*Chesson*, 47 A.3d at 878.

[8] "Subsection 6138(a)(2.1) [of the Code] clearly and unambiguously grants the Board discretion to award credit to a [convicted parole violator] recommitted to serve the remainder of his sentence, except when the [convicted parole violator] is recommitted for the reasons stated in Subsections 6138(a)(2.1)(i) and (ii) [of the Code]." *Pittman*, 159 A.3d at 473.

option Counsel chooses, he must address and analyze *each* of the bases upon which Petitioner challenged, via his April 1, 2016 request for administrative relief, the Board's imposition of backtime and extension of his maximum parole violation date. As stated earlier, these bases were: (1) Conflicts between subsections 6138(a)(2) and (a)(5) of the Code, 61 Pa. C.S. § 6138(a)(2) and (a)(5), which articulate some of the Board's powers; (2) The lack of a statutory definition for the phrase "at liberty on parole," which is used in 61 Pa. C.S. §6138(a)(2); (3) Violation of the separation of powers; and (4) Due process violations relating to the Board's February 29, 2016 recalculation of the maximum expiration dates for his 2010 and 2013 sentences.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lateef Phoenix,                                  :
                    Petitioner                    :
                                                  :
        v.                                        : No. 1243 C.D. 2017
                                                  :
Pennsylvania Board of Probation                   :
and Parole,                                       :
                    Respondent                    :

## **O R D E R**

AND NOW, this 10th day of August, 2018, the Amended Application for Leave to Withdraw Appearance, filed by Nicholas E. Newfield, Esquire (Counsel), is hereby DENIED. It is FURTHER ORDERED that Counsel shall file a Second Amended Application and a revised no-merit letter, or a substantive brief in support of the Petition for Review, within 30 days of the date of this order.

Jurisdiction retained.

_____
ELLEN CEISLER, Judge