IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zachary T. Evans,                          :
                    Petitioner             :
                                           :
        v.                                 :  No. 618 C.D. 2018
                                           :  SUBMITTED:  October 26, 2018
Pennsylvania Board of Probation            :
and Parole,                                :
                    Respondent             :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED:  January 16, 2019

        Zachary Evans (Petitioner) petitions for review of the Pennsylvania Board of

Probation and Parole's (Board) March 14, 2018 Order affirming its October 3, 2017

decision recommitting Petitioner as a convicted parole violator (CPV) to serve 36

months of backtime and recalculating his maximum parole violation date as September

21, 2023. In response to this Petition for Review, Petitioner's appointed counsel, Kent

D. Watkins, Esquire (Counsel), submitted an Application to Withdraw as Counsel

(Application to Withdraw), concluding that the arguments raised in the Petition for

Review are frivolous and without merit. After thorough review, we deny Counsel's

Application to Withdraw and direct him to file either a proper no-merit letter[1] or an

advocate's brief within 45 days.

---

[1]     Such letters are referred to by various names by courts of this
        Commonwealth. *See, e.g., Commonwealth v. Porter*, [. . .] 728 A.2d
        890, 893 & n. 2 ([Pa.] 1999) (referring to such a letter as a "'no merit'
        letter" and noting that such a letter is also commonly referred to as a
        "*Finley* letter," referring to the Superior Court case *Commonwealth v.*

The relevant facts are as follows: On November 18, 2003, Petitioner pled guilty in the Court of Common Pleas of Lancaster County to Robbery, Criminal Conspiracy to Commit Robbery, Aggravated Assault, and Criminal Conspiracy to Commit Aggravated Assault. Certified Record (C.R.) at 1-6. Petitioner received an aggregate carceral sentence of 10 to 20 years in state prison. *Id.* Petitioner was subsequently paroled on December 20, 2012, at which point his maximum date was February 9, 2022.[2] *Id.* at 8-13.

On May 31, 2014, Petitioner absconded from an inpatient drug treatment center, where the Board had ordered he reside due to his drug use after being paroled. *Id.* at 20-21. Consequently, the Board declared Petitioner delinquent on June 4, 2014. *Id.* at 22. Petitioner was then arrested in Harrisburg on October 14, 2014, and charged with Unlawful Possession of a Controlled Substance and Use or Possession with Intent to Use Drug Paraphernalia, prompting the Board to issue a detainer that same day. *Id.* at 26-32. Petitioner waived his right to a hearing, as well as to counsel, and, on November 17, 2014, Petitioner was recommitted by the Board to serve 6 months of backtime as a technical parole violator (TPV). *Id.* at 33-53. In addition, the Board extended Petitioner's maximum date to June 25, 2022, in order to account for the amount of time that had elapsed between his flight from the drug treatment center and his subsequent arrest. *Id.* at 54-55.

---

*Finley*,[. . .] 479 A.2d 568 ([Pa. Super.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner* letter") [referring to the Pennsylvania Supreme Court case *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988)]; *Commonwealth v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. 2007) ("*Turner/Finley* letter"). In this opinion, we shall refer to such letters as no-merit letters.

*Hughes v. Pennsylvania Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

[2] Petitioner received credit for time served between arrest and sentencing.

Petitioner pled guilty in a Harrisburg Magisterial District Court on November 17, 2014, to two counts of Unlawful Possession of a Controlled Substance and one count of Use or Possession with Intent to Use Drug Paraphernalia, and was fined as a result. *Id.* at 56-58, 63. Petitioner was then transferred to Board custody. *Id.* at 59. Despite his guilty plea, the Board declined to impose any additional sanctions upon Petitioner and paroled him on April 15, 2015. *Id.* at 65-71.

On November 11, 2015, Petitioner was arrested in Reading, Pennsylvania, and charged with Possession with Intent to Deliver, Unlawful Possession of a Controlled Substance, and Resisting Arrest. *Id.* at 90. The Board then unsuccessfully attempted to contact Petitioner on November 13, 2015, prompting the Board to declare him delinquent on November 20, 2015. *Id.* at 72, 90, 96. Petitioner was arrested again in Reading on March 29, 2016, and charged with two counts of Possession with Intent to Deliver and one count of Unlawful Possession of a Controlled Substance. Again, the Board was unable to locate him until September 17, 2016, when police in Newark, New Jersey, notified the Board that Petitioner was undergoing surgery at Newark Beth Israel Hospital for a gunshot wound he had recently sustained in Reading. *Id.* at 97, 102-09, 121.[3] The Board issued a warrant for Petitioner's arrest that same day, and he was thereafter transferred to the Board's custody after being discharged from the hospital. *Id.* at 79, 87.

Petitioner waived his right to a parole revocation hearing and counsel on October 19, 2016, and admitted to having committed technical parole violations (*i.e.*, failure to report and leaving the district without authorization). *Id.* at 88-91. On December 21, 2016, the Board ordered Petitioner to be detained pending disposition of the charges arising from his March 2016 arrest. *Id.* at 124. On February 13, 2017, the Board ordered

---

[3] The record does not indicate why Petitioner was not taken into custody after these two arrests.

3

Petitioner to serve 9 months of backtime as a TPV, due to the aforementioned, undisputed technical violations, recalculating his maximum date as April 24, 2023, and stating that Petitioner would be automatically reparoled on June 17, 2017, "PENDING RESOLUTION OF OUTSTANDING CRIMINAL CHARGES." *Id.* at 125-27.

On May 8, 2017, Petitioner pled guilty in the Court of Common Pleas of Berks County to two counts of Possession with Intent to Deliver, one count of Unlawful Possession of a Controlled Substance, and one count of Resisting Arrest. *Id.* at 134, 145-46. Petitioner received an aggregate carceral sentence of 36 to 72 months, with a credit for time served of 151 days. *Id.* After this latest conviction, Petitioner again waived his right to a parole revocation hearing, as well as to counsel, and admitted to the Board that he had pled guilty to these crimes. *Id.* at 162-65. On October 3, 2017, the Board elected to modify its February 13, 2017 action by eliminating the automatic reparole provision and ordering Petitioner to serve 36 months of backtime as a CPV,[4] explaining that it was doing so not only due to Petitioner's convictions, but also because of his repeated and manifest refusals to comply with his parole requirements. *Id.* at 178. In addition, the Board recalculated his maximum date as September 21, 2023. *Id.*

On October 24, 2017, Petitioner mailed an Administrative Remedies Form to the Board. *Id.* at 185-87. Therein, Petitioner stated

> I WOULD LIKE CALCULATIONS OF MY TIME AND I WOULD ALSO WANT TO KNOW HOW DO I OWE 36 MONTHS BACK TIME [sic] IF I WAS NOT EVEN ON THE STREET'S [sic] THAT LONG. I THINK THAT YOUR TAKEN [sic] TIME FROM WHEN I WAS IN JAIL AND HALFWAY HOUSE, AND CAN YOU PLEASE EXPLAIN IS THIS HIT RUNNING WITH NEW CASE [sic][?]
>
> I HAVE A [sic] 3 TO 6 YEAR'S [sic] ON THE NEW CASE AND I WOULD LIKE TO KNOW IS THAT PAROLE HIT

---

[4] This amount of CPV backtime was to be served concurrently with the nine months he had been previously ordered to serve as a TPV. *See* C.R. at 178.

4

> RUNNING WITH THE NEW CASE AND I ALSO THINK
> YOU WENT WAY OVER YOUR JURISDICTION. NEED
> A LAWYER AS WELL. I THINK THAT WAS NOT FAIR.

*Id.* at 185.

The Board responded on March 14, 2018, informing Petitioner that it was affirming its October 3, 2017 decision. Interpreting Petitioner's statement to have "raise[d] questions regarding the amount of time [he owed] and the relationship as to the nature of [his] new conviction with your or[i]ginal sentence[,]" the Board explained that the imposed CPV backtime was "not eligible for administrative review," as 36 months was within the presumptive aggregate sentence range for the crimes to which he had pled guilty on May 8, 2017. *Id.* at 188. In addition, the Board provided a detailed explanation regarding how it had calculated Petitioner's maximum date, concluding that it had not erred in setting this date as September 21, 2023. *Id.* at 188-89.

Petitioner then filed his *pro se* Petition for Review with our Court on April 3, 2018. Therein, Petitioner argued that the Board had erred by admitting an unspecified document "constituting hearsay evidence" at an unspecified point in time "over [his] objection and without an adequate good finding of good cause to admit said document." Petition for Review at 1-2. In addition, Petitioner claimed that the Board had not properly credited him for an unspecified time period during which he had been detained solely due to the Board's detainer. *Id.* at 2.

On May 3, 2018, we appointed the Public Defender of Schuylkill County to represent Petitioner. Counsel subsequently entered his appearance on May 8, 2018, and then filed his Application to Withdraw, along with a no-merit letter, on July 31, 2018.[5] In his Application to Withdraw, Counsel stated he had reviewed the Certified Record and had concluded "there are no grounds for appeal and the appeal is frivolous[.]"

---

[5] In a no-merit letter, appointed counsel seeks to withdraw from representation because "the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

Application to Withdraw at 3. In his no-merit letter, Counsel first provided a thorough recapitulation of Petitioner's criminal record and the resultant Board actions, after which he concurred with the Board's conclusions that it had correctly calculated Petitioner's maximum date and that the imposed CPV backtime was not reviewable. *See Turner* Letter at 1-10. Counsel also advised Petitioner, in writing, that he believed Petitioner's arguments to be without merit and directed Petitioner to retain another attorney, or file a *pro se* brief with our Court, in the event Petitioner disagreed with Counsel's conclusions. *Id.* at 10-11.

Before addressing the validity of Petitioner's substantive arguments, we must assess the adequacy of Counsel's Application to Withdraw and no-merit letter. Since Petitioner, throughout this process, has only sought to challenge the Board's calculation of his maximum date, the length of backtime it imposed, and its handling of evidentiary matters, Counsel appropriately elected to file a no-merit letter. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010).[6] "A no-merit letter

---

[6] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), court-appointed counsel must file what is known as an *Anders* brief when seeking to withdraw from representation in certain circumstances. *See Com. v. Santiago*, 978 A.2d 349, 353-55 (Pa. 2009). However,

> [w]here no constitutional right to counsel is involved, an attorney seeking to withdraw from representation in a probation and parole case need only file a no-merit letter, as opposed to an *Anders* brief. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009). A constitutional right to counsel arises when the petitioner presents a:
>
>> colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Id.* at 43 (quoting *Turner*, 544 A.2d at 928) (brackets omitted). As long as a no-merit letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. *Zerby*, 964 A.2d at 960. However, in the event the letter fails on technical grounds, we must deny an appointed counsel's request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct appointed counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.*

Here, we conclude that Counsel's no-merit letter is inadequate. In contravention of our well-established case law, Counsel appears to have *ignored the substance of Petitioner's Petition for Review*, addressing a claim in his no-merit letter that Petitioner failed to preserve for our review (*i.e.*, regarding the amount of backtime imposed by the Board), completely disregarding another claim that Petitioner *actually raised* in his Petition (*i.e.* Petitioner's hearsay evidence argument), and neglecting to directly address whether Petitioner had preserved his detainer credit claim, or whether that claim has any substantive merit. *Compare Turner* Letter at 1-10 *with* Petition for Review at 1-2; *see Chesson v. Pa. Bd. Of Prob. & Parole*, 47 A.3d 875, 878 (Pa.

---

*Id.* at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)).
*Seilhamer*, 996 A.2d at 43 n.4.

Cmwlth. 2012).[7] Accordingly, we deny Counsel's Application to Withdraw and direct him to file either a proper no-merit letter or an advocate's brief within 45 days.

_____
ELLEN CEISLER, Judge

---

[7] The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal. The law is equally well settled that issues not raised in a petition for review are waived and will not be addressed by this Court.

*Chesson*, 47 A.3d at 878 (internal citations omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zachary T. Evans,     :
     Petitioner   :
           :
   v.       :  No. 618 C.D. 2018
           :
Pennsylvania Board of Probation :
and Parole,      :
     Respondent :

**O R D E R**

AND NOW, this 16th day of January, 2019, Kent D. Watkins, Esquire's (Counsel) Application to Withdraw As Counsel is hereby DENIED. Counsel shall file either a proper no-merit letter or an advocate's brief within 45 days from the date of this order.

Jurisdiction retained.

_____
ELLEN CEISLER, Judge