593 A.2d 8

**Alan L. DUNKELBERGER, Petitioner**

**v.**

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted April 25, 1991.

Decided June 5, 1991.

Scott D. Moore, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Alan L. Dunkelberger (Petitioner) petitions for review of a determination of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief. In this case, we are presented with the sole issue of whether the circumstance of a parolee being held in criminal contempt for violation of a protective order issued pursuant to the Protection From Abuse Act[1] provides a basis for the Board to recommit the parolee as a convicted parole violator.

The undisputed facts of record reveal that Petitioner was last paroled by the Board on January 11, 1990. A few days later, on January 24, 1990, Petitioner was arrested in Lebanon County for violating a protective order issued by the Court of Common Pleas of Lebanon County prohibiting Petitioner from contacting his daughter or her mother. On February 1, 1990, following a hearing, Petitioner was found to have violated the conditions of the protective order, and

1. Act of October 7, 1976, P.L. 1090, *as amended,* 35 P.S. §§ 10181—10190.2.

the trial court ordered Petitioner's imprisonment for a period of seven days. However, in the same order, the trial court gave Petitioner credit for time already served since his arrest on January 24, 1990, and discharged him from custody.

Following a hearing in June 1990, the Board ordered Petitioner's recommitment as a technical and convicted parole violator, to serve an aggregate of 18 months backtime. Petitioner filed an administrative appeal with the Board, but his request for relief was denied. This petition for review followed.

It appears that Petitioner has presented an issue of first impression in Pennsylvania. Petitioner takes the position that, although the trial court held him in criminal contempt for noncompliance with its protective order, a finding of criminal contempt is not a criminal conviction for purposes of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §§ 331.1—331.34, commonly referred to as the Parole Act. Petitioner specifically refers us to Section 21.1 of the Parole Act, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. § 331.21a(a), which provides in pertinent part:

> (a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of [Probation and] Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator....

Petitioner contends that he did not commit any "crime" punishable by imprisonment while on parole, and that he was not "convicted" or "found guilty" of any "crime," but instead was found to be in contempt of a court order. Petitioner argues that this criminal contempt finding cannot

serve as a basis for his recommitment as a convicted parole violator.

█ In this case, Petitioner was charged with violating a protective order issued pursuant to the Protection From Abuse Act. Section 10 of that Act sets forth contempt penalties which may be imposed for violation of a protective order issued pursuant to the Act. Section 10 provides, in relevant part, as follows:

(a) Upon violation of a protection order issued under this act ... the court may hold the defendant in indirect criminal contempt and punish him in accordance with the law.

(b) Notwithstanding any provision of the law to the contrary any sentence for this contempt may include imprisonment up to six months or a fine not to exceed $1,000 or both ... The defendant shall not have a right to a jury trial on such a charge; however, the defendant shall be entitled to counsel.

\*     \*     \*     \*     \*     \*

(g) A hearing on a charge or allegation of indirect criminal contempt shall not preclude a hearing on *other* criminal charges underlying the contempt, nor shall a hearing on *other* criminal charges preclude a hearing on a charge of indirect criminal contempt.

35 P.S. § 10190(a), (b) and (g) (emphasis added).

In *Commonwealth v. Allen,* 506 Pa. 500, 486 A.2d 363 (1984), the Pennsylvania Supreme Court stated that a criminal contempt proceeding under the Protection From Abuse Act was "criminal in nature," and further stated that "the finding of contempt involved a proceeding which was criminal in nature ..." *Id.,* 506 Pa. at 511, 486 A.2d at 368. Furthermore, the Pennsylvania Superior Court has stated on a number of occasions that a finding of criminal contempt under the Protection From Abuse Act is a crime. *Wagner v. Wagner,* 387 Pa.Superior Ct. 246, 564 A.2d 162 (1989), *petition for allowance of appeal denied,* 525 Pa. 628, 578 A.2d 415 (1990); *Vito v. Vito,* 380 Pa.Superior Ct.

258, 551 A.2d 573 (1988); *Cipolla v. Cipolla*, 264 Pa.Superior Ct. 53, 398 A.2d 1053 (1979).

■ Citing case law developed by the United States Supreme Court and the Pennsylvania Supreme Court, the *Cipolla* court stated unequivocally that "[c]riminal contempt is a crime in every fundamental respect. 'Criminal contempt is a crime in the ordinary sense; it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both.' " *Id.*, 264 Pa.Superior Ct. at 58, 398 A.2d at 1055 (citations omitted).[2] Later in the decision, the Superior Court held that "the same reasons which forbid the Commonwealth to appeal a not guilty verdict in a criminal trial must also prohibit an appeal by the verdict loser following an adjudication of not guilty of criminal contempt." *Id.*, 264 Pa.Superior Ct. at 60, 398 A.2d at 1056. Thus, the Superior Court has clearly stated that criminal contempt is a "crime." And if one may be adjudicated "not guilty" of criminal contempt, it logically follows that one may be "found guilty" of criminal contempt.

In light of this body of legal authority, we do not find persuasive Petitioner's argument that criminal contempt is not a criminal conviction for purposes of the Parole Act. Since Petitioner was found in contempt under the Protection From Abuse Act, we hold that he did commit a crime punishable by imprisonment within the meaning of the Parole Act. Accordingly, the Board acted within its discretion in choosing to recommit Petitioner as a convicted parole violator following that criminal contempt finding.

Having found no merit to Petitioner's allegation of error, we affirm the determination of the Board.

### ORDER

AND NOW, June 5, 1991, the determination of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.

---

2. Black's Law Dictionary 196 (5th ed. 1983) also defines the term "criminal contempt" as a crime.