IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymond Brown,                          :
                          Petitioner    :
                                        :
          v.                            : No. 1815 C.D. 2024
                                        : Submitted: March 3, 2026
Pennsylvania Parole Board,              :
                          Respondent    :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  April 15, 2026


          Raymond Brown (Brown) petitions for review of the December 3, 2024 order (Order) of the Pennsylvania Parole Board (Board) that denied his administrative appeal of a May 30, 2024 Board decision (Decision) recommitting him as a convicted parole violator (CPV) and denying him credit for time spent at liberty on parole.  Additionally, Brown's appointed counsel, Dana E. Greenspan, Esq. (Counsel), filed a no-merit letter and an Application to Withdraw as Counsel (Application to Withdraw) under *Turner*.[1]  After review, we grant Counsel's Application to Withdraw, and affirm the Board's Order.

_____

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

## I. Factual and Procedural Background

In 2017, following convictions for aggravated assault, unlawful restraint with risk of serious bodily injury, terroristic threats with intent to terrorize another, simple assault, and two counts of endangering the welfare of children, Brown received an aggregate sentence of 9 ½ years to 19 years' imprisonment, with a maximum sentence date of March 22, 2030. Certified Record (C.R.) at 1, 3. The Board granted Brown conditional parole by order dated May 17, 2021, and on August 11, 2021, released him from State Correctional Institution (SCI) Mercer to reside at Self Help Movement, Philadelphia, Pennsylvania. *Id.* at 7-12, 17. Prior to release, Brown signed Conditions Governing Parole/Reparole (Conditions), which included the following: "If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." *Id.* at 13. Brown also signed Special Conditions of Parole (Special Conditions), acknowledging his placement on domestic violence protocol. *Id.* at 22.

On July 20, 2022, the Board ordered Brown to stay away from his child's mother because of the filing of a Protection from Abuse (PFA) petition, which was later dismissed. *Id.* at 55. On the same date, the Board placed Brown on GPS monitoring, with a warning to stay more than 300 feet from the mother's home. *Id.* at 30, 31, 55. On February 9, 2023, the Board again placed Brown on GPS monitoring because of another PFA action filed against him, and Brown signed additional Special Conditions to "remain in compliance with the [PFA] order issued against him." *Id.* at 34-35, 55.

On June 22, 2023, the Department of Corrections (Department) issued a warrant for Brown for violation of a parole condition, failure to refrain from assaultive behavior. *Id.* at 39. On October 18, 2023, the Board determined the Department failed to establish the alleged violation by a preponderance of the evidence, ordered Brown to continue on parole, and canceled the warrant, effective October 27, 2023. *Id.* at 40-42.

On November 6, 2023, the Philadelphia Police Department arrested Brown in connection with incidents occurring on June 14, 2023 and June 17, 2023 and charged him with several crimes, including two counts of indirect criminal contempt under the PFA Act, 23 Pa.C.S. § 6114(a), (PFA contempt) relative to each incident. *Id.* at 51, 53, 58-74. The trial court set bail at $25,000 for each case, but Brown never posted bail. *Id.* at 60, 69. On that same date, the Department issued a second warrant for Brown's committal. *Id.* at 43. On December 12, 2023, the Board ordered Brown to remain detained pending the disposition of the criminal charges. *Id.* at 44.

On April 9, 2024, the Municipal Court of Philadelphia County (Municipal Court) found Brown guilty of the PFA contempt counts, dismissed the remaining charges, and sentenced him to serve three months to six months of incarceration with credit for time served, followed by six months of consecutive probation. *Id.* at 58-74. On April 26, 2024, the Board provided Brown notice of charges and notice of a revocation hearing. *Id.* at 48-49. On that same date, Brown waived his rights to counsel, a panel hearing, and a revocation hearing; he also admitted to the PFA contempt convictions. *Id.* at 45-47. As part of the written waiver (Waiver), Brown acknowledged: "I understand and agree that this admission is binding and may only be withdrawn if I submit a written withdrawal to my supervising agent, within ten

(10) calendar days of the date written above [April 26, 2024]." *Id.* at 45. Brown did not submit a written withdrawal within 10 days of April 26, 2024.

Based on Brown's Waiver, the Board canceled a revocation hearing, scheduled for June 30, 2024, and the hearing examiner issued a report. *Id.* at 75-87. The Board issued its Decision to "recommit [Brown] to [an SCI] as a [CPV] to serve a recommitment period of 6 months," and determined a new recommitment maximum date of August 10, 2032. *Id.* at 88-89 (capitalization omitted). The Board listed as its reasons: convictions in a court of record, poor adjustment under supervision, and failure to comply with sanctions. *Id.* The Board did not award credit for time spent at liberty on parole because Brown's "behavior reflects domestic violence issues that warrant denying credit for time at liberty on parole." *Id.* at 89 (capitalization omitted).

Brown filed an administrative appeal of the Board's Decision. The Board denied the administrative appeal and affirmed the Board's Decision. *Id.* at 107-10.

Brown now appeals the Board's Order. On appeal, Brown raises three issues for our review. First, Brown alleges the Board erred in not providing a revocation hearing despite his timely submission of a written withdrawal of his waiver. Brown's Br. at 4. Second, Brown claims the Board abused its discretion in recommitting him when "he was not convicted in a court of record," and in misapplying an offense gravity score (OGS) of 1 under the 8th Edition of the Sentencing Guidelines (Sentencing Guidelines). *Id.* Lastly, Brown contends the Board abused its discretion in denying him credit for time in good standing on parole as the record does not contain convictions for domestic violence. *Id.*

4

Additionally, this Court appointed Counsel for Brown, and afforded Counsel time to file an Amended Petition for Review. Thereafter, Counsel filed an Application to Withdraw and a *Turner* letter.[2]

## II. *Turner* Letter and Application to Withdraw

Before considering the merits of Brown's appeal, we must first address Counsel's *Turner* letter and Application to Withdraw. Where court-appointed counsel believes the petitioner's case lacks merit, this Court may permit counsel to withdraw from the representation if counsel submits a *Turner* letter that "detail[s] the nature and extent of [counsel's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless." *Turner*, 544 A.2d at 928. Further, we must confirm counsel satisfied the following procedural requirements: (1) counsel notified the petitioner of the request to withdraw; (2) counsel provided the petitioner with a copy of a *Turner* letter; and (3) counsel advised the petitioner of his right to retain new counsel or file a brief on his own behalf. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). Where counsel satisfies the procedural requirements, we conduct an independent review of the issues and, if we concur in counsel's assessment, we may grant counsel leave to withdraw. *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996).

Here, Counsel satisfied the technical requirements of *Turner*. Counsel's letter sets forth the relevant factual and procedural history. Counsel states that, following review of the record and relevant case law and statutes, and after consultation with Brown, "[i]n preparing the appellate brief . . . counsel has come to the conclusion

---

[2] "*Turner* letter" references our Supreme Court's decision in *Turner*, 544 A.2d at 928-29, wherein the Court set forth "the appropriate procedures under Pennsylvania law" for "the withdrawal of court-appointed counsel in collateral attacks on criminal convictions."

that the issues raised in the Petition for Review lack merit and that there exists no legal basis to challenge the Parole Board determination." *Turner* Letter at 1. Counsel analyzes the issues Brown raised in his administrative appeal. Counsel provided Brown a copy of the *Turner* letter informing him of his right to retain substitute counsel and his right to file a *pro se* brief with this Court. *Id.* at 10. Thus, Counsel complied with *Turner's* technical requirements to withdraw from representation. Accordingly, we now independently review the merits of Brown's Petition for Review.

### III.   Discussion

We review the actions of the Board to determine whether substantial evidence supports the Board's decision, whether the Board committed an error of law, or whether the Board violated a parolee's constitutional rights. *Bailey v. Pa. Parole Bd.*, 323 A.3d 259, 263 n.8 (Pa. Cmwlth. 2024) (quotation omitted). "'Substantial evidence' has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "requires something more than a scintilla creating a mere suspicion of the existence of the fact to be established." *Chapman v. Pa. Bd. of Prob. & Parole*, 484 A.2d 413, 416 (Pa. Cmwlth. 1984). When presented with a question of law, such as statutory interpretation, our standard of review is *de novo*, and our scope of review is plenary. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017). Where the law grants the Board discretion, we review for an abuse of discretion. *Id.* at 473-74.

### A. Waiver of Right to Revocation Hearing

First, we address Brown's contention the Board erred in failing to provide a revocation hearing. The United States Supreme Court has recognized due process requires a timely revocation hearing before the parole authority's revocation

6

decision, at which the parolee must have, following proper notice to him, an opportunity to appear and to present evidence. *Morrissey v. Brewer*, 408 U.S. 471, 487-88 (1972). Section 71.4 of the Board's Regulations, 37 Pa. Code § 71.4, enumerates a 120-day timeframe for the revocation hearing following a triggering event, and recognizes the parolee's right to waive that hearing. 37 Pa. Code § 71.4.

Here, Brown does not contest that, on April 26, 2024, he waived in writing his right to a revocation hearing. Brown's Br. at 9. Nor does Brown dispute the validity of the waiver form. *Id.* Rather, Brown asserts that on May 3, 2024, within the requisite 10-day period, he submitted a written waiver withdrawal form (Withdrawal) to parole staff, which staff did not process. *Id.* at 9-10. Brown included a copy of this alleged two-page Withdrawal as "Exhibit A" to his administrative appeal, along with purported proof of mailing "to his parole officer Edward Jones and a copy to M. Ortiz" as "Exhibit B" (Exhibit B). C.R. at 96-97, 99-100.

Contrary to Brown's assertions, the Certified Record does not contain any indicia that Brown's supervising agent received the purported Withdrawal within 10 calendar days of April 26, 2024, as required by the language of the Waiver. Similarly, the Certified Record contains no evidence the Board ever received the Withdrawal. Moreover, Brown's own evidence, Exhibit B, reflects a postmark date of June 16, 2024, well beyond the 10-day calendar period. Thus, we discern no error by the Board in finding Brown waived his right to a revocation hearing.

**B. Propriety of Recommitment**

Preliminarily, Brown contends the Board cannot recommit him because the Municipal Court is not a court of record under Section 6138(a)(1) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6138(a)(1), and his PFA contempt convictions constitute summary offenses. Brown's Br. at 11-12 (citing *Chesson v. Pa. Bd. of*

7

*Prob. & Parole*, 47 A.3d 875 (Pa. Cmwlth. 2012)).  Section 6138(a)(1), in pertinent part, endows the Board with discretion to revoke an offender's parole for conviction of a crime punishable by imprisonment "in a court of record." 61 Pa.C.S. § 6138(a)(1).

In *Chesson*, we determined a conviction for a **summary offense** before the Municipal Court of Philadelphia, normally a court of record, does not constitute a conviction in a "court of record" for purposes of Section 6138(a)(1) of the Code. *Chesson*, 47 A.3d at 880 (emphasis added).  Brown attempts to pigeonhole his PFA contempt convictions into this window.  However, because PFA contempt carries a maximum sentence punishable by up to six months of incarceration, the courts of this Commonwealth have treated it as a misdemeanor. *See Commonwealth v. Bartic*, 303 A.3d 124, 133 (Pa. Super. 2023) (appellant permitted to petition for allowance of appeal because a conviction for indirect criminal contempt under Section 6114 of the PFA is a misdemeanor).[3]  Moreover, our Supreme Court has clearly recognized the impropriety of summarily punishing PFA contempt convictions. *Commonwealth v. Stevenson*, 283 A.3d 196, 205 (Pa. 2022) ("indirect criminal contempt cannot be punished summarily" because, unlike direct contempt where the conduct occurs within the court's immediate view, indirect criminal contempt includes the right to a trial by jury for determination of guilt beyond a reasonable doubt).  Because Brown has supplied no authority to support whether the Municipal Court's convictions for non-summary crimes constitute convictions "in a court of record," we discern no error by the Board.

---

[3] Although Pennsylvania Superior Court decisions are not binding on this Court, they may provide persuasive authority where they address analogous legal issues. *DeSantis v. Lenox Place Condo Assoc., Inc.*, 316 A.3d 1119, 1121 n.4 (Pa. Cmwlth. 2024).

Additionally, Brown asserts the Board erred in recommitting him to a term of six months of incarceration, based upon an OGS of 1, because the Sentencing Guidelines do not ascribe any OGS to PFA contempt. The Board concedes the Sentencing Guidelines do not designate an OGS for PFA Contempt; however, the Board asserts it appropriately utilized an OGS of 1, the lowest OGS, for Brown's convictions. Board's Br. at 18.

We have held a PFA contempt was a criminal conviction sufficient to warrant recommittal as a CPV under the Code. *See Dunkelberger v. Pa. Bd. of Prob. & Parole*, 593 A.2d 8 (Pa. Cmwlth. 1991). Section 311.5(b)(1) of the State Parole Recommitment Guidelines (Recommitment Guidelines), 204 Pa. Code, § 311.5(b)(1), enumerates the following specific provisions for CPVs, such as Brown, in pertinent part:

(1) Convicted violator recommitment ranges are to be considered by the Board in the exercise of its discretion, while accounting for the following factors:

(i) The seriousness of the initial conviction offense. Seriousness is based on the determination under the State parole guidelines whether the person is designated as a violent or non-violent offender.

(ii) The level of seriousness of the new conviction offense. The seriousness of the new conviction offense is determined by identifying the highest OGS assignment under the 8th Edition Sentencing Guidelines of all new conviction offenses, and then determining the corresponding sentencing level for that offense. . . . Summary offenses are assigned the lowest offense gravity score (OGS 1) and the corresponding sentencing level (Level A). . . .

(iii) The time required to receive treatment and programming to meet the rehabilitative needs of the paroled person. The

9

> corrective programming required to address the needs of the paroled person associated with the recommitment, which begins after a hearing or waiver of a hearing, may require a recommitment period shorter or longer than the recommended recommitment range.

204 Pa. Code § 311.5(b)(1). The table in Section 311.6(b) of the Recommitment Guidelines identifies a CPV recommitment range of one to six months for new convictions with OGS 1 to OGS 3, committed by both non-violent and violent offenders. 204 Pa. Code § 311.6(b). This is the least amount of recommitment time for a CPV. *Id.*

Here, the Board applied a recommitment range of one to six months, the lowest recommittal range. C.R. at 108. Despite Brown's contention the Sentencing Guidelines do not identify an OGS for PFA contempt, the Recommitment Guidelines identify an OGS of 1 for summary offenses. 204 Pa. Code § 311.5(b)(1). Similarly, Brown received the benefit of the application of the lowest OGS and recommittal range for his convictions, which cannot be summarily punished. *See Bartic*, 303 A.3d at 133; *Stevenson*, 283 A.3d at 205. Further, the Board did not exercise its discretion to exceed the recommended range. 204 Pa. Code, § 311.5(b)(1)(iii). When the recommitment period falls within the presumptive range, a parolee cannot challenge the Board's decision. *Smith v. Pa. Bd. of Prob. & Parole*, 574 A.2d 558 (Pa. 1990). Accordingly, the Board did not abuse its discretion in recommitting Brown for six months.

## C. Credit for Time at Liberty on Parole

Lastly, we address Brown's contention the Board abused its discretion by denying him credit for the time he spent at liberty on parole. The Code provides if the Board determines to recommit a parolee as a CPV, as it did with Brown, "the offender shall be recommitted to serve the remainder of the term which the offender

would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole." 61 Pa.C.S. § 6138(a)(2). Except in certain limited circumstances, none of which apply here, Paragraph 2.1 of Section 6138(a) of the Code endows the Board with discretion to award an offender credit for the time he spent at liberty on parole. 61 Pa.C.S. § 6138(a)(2.1).

In *Pittman*, our Supreme Court concluded the Board must provide an explanation for its decision to grant or deny a CPV credit for time served at liberty on parole. *Pittman*, 159 A.3d at 474-75. The Supreme Court explained, "an appellate court hearing the matter must have [a] method to assess the Board's exercise of discretion," and a single sentence will often suffice. *Id.* at 474, 475 n.12. Additionally, this Court has determined the Board's reasons must be "documented by the record." *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019).

Here, the hearing examiner's report included a checked box indicating "[t]he offender's behavior reflects domestic violence issues that warrant denying credit for time at liberty on parole." C.R. at 80. Brown argues the inadequacy of the Board's stated reason, contending the Certified Record does not "[reflect] domestic issues," because it does not contain any PFA complaints or PFA findings of abuse. Brown's Br. at 16. Brown also relies upon the Board's October 18, 2023 determination that he did not engage in assaultive behavior, as well as the Municipal Court's dismissal of burglary and robbery charges. *Id.* at 16. We disagree.

Our review of the record supports the Board's articulated reason for denying credit. Before his release from incarceration, Brown signed the Conditions, wherein he acknowledged the Board's authority, upon recommittal for conviction of a new

11

crime, to deny him credit for time spent at liberty on parole. While on parole supervision for aggravated assault and related offenses, and while subject to the Special Conditions for domestic violence protocol and for PFA protocol, Brown received two new PFA contempt convictions. On two separate occasions, Brown was placed on GPS monitoring, related to PFA incidents. The Board followed *Pittman* by supplying a rationale for its decision to deny Brown credit for time spent at liberty on parole, and the record supported the rationale. Thus, the Board did not abuse its discretion by denying Brown credit for time spent at liberty on parole.

## IV.   Conclusion

Based on the foregoing, we conclude Counsel fulfilled the requirements of *Turner*, and our independent review confirms Brown's arguments lack merit. Accordingly, we grant Counsel's Application to Withdraw. Additionally, we conclude the Board did not err or abuse its discretion, and we affirm the Board's Order.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymond Brown,                  :
                 Petitioner   :
                         :
      v.               : No. 1815 C.D. 2024
                         :
Pennsylvania Parole Board,    :
               Respondent  :

# **O R D E R**

    **AND NOW**, this 15th day of April 2026, the April 25, 2025 Application to Withdraw as Counsel filed by Dana E. Greenspan, Esq. is **GRANTED** and the December 3, 2024 order of the Pennsylvania Parole Board is **AFFIRMED**.

 

_____
STACY WALLACE, Judge